**Joseph Elliot STUART, Jr., Individually and in behalf of all other persons similarly situated, Plaintiffs,**

**v.**

**Jack HEARD, Sheriff of Harris County, Texas, and John Hill, Attorney General of Texas, Defendants.**

**Civ. A. No. 73-H-243.**

United States District Court,
S. D. Texas,
Houston Division.

June 6, 1973.

Joseph E. Stuart, Jr., pro se.

John Hill, Atty. Gen. of Texas, Calvin Botley, Asst. Atty. Gen., Austin, Tex., and Carol Vance, Dist. Atty., Houston, Tex., for defendants.

SEALS, District Judge.

MEMORANDUM AND ORDER:

This is a suit by an inmate of the Harris County Rehabilitation Center on behalf of all persons confined in the Center and in the Harris County Jail in downtown Houston, Texas, for injunctive and declaratory relief against the Sheriff of Harris County, Jack Heard, and the Texas Attorney General, John Hill, for alleged violations of 42 U.S.C. §§ 1981 and 1983. Jurisdiction is predicated upon 28 U.S.C. §§ 1343(3), 2201 and 2202. The Defendants have filed a multifaceted Motion to Dismiss, and subject thereto, an Answer.

The Plaintiff complains that the Harris County prisoners confined at the jail and the Rehabilitation Center are discriminated against by their keepers in the following particulars:

(a) they are segregated according to their sex pursuant to Art. 5115, Vernon's Ann.Tex.Civ.St.,

(b) that such segregation is unconstitutional because it, (1) deprives all prisoners of the normal daily companionship of the opposite sex, (2) creates a one sex society, (3) prevents normal sexual relations, for no legitimate reason and with a demoralizing and contrarehabilitative effect, (4) encourages unnatural homosexual relations, and (5) amounts to cruel and unusual punishment.

The Plaintiff requests the convening of a three judge court to consider the complaint and to declare Article 5115, V.A.T.S., to be unconstitutional; to enjoin its enforcement; and to provide for visiting areas for conjugal visits between the inmates and their spouses or companions of the opposite sex; and to provide for two-person cells to accommodate legally married or common law couples who are jointly confined awaiting trial, pending appeal, or serving sentences.

The Defendants have filed a motion setting forth four grounds for dismissal: (1) improper joinder, (2) failure to state a claim, (3) improper class action, (4) lack of jurisdiction. A federal district court has subject matter jurisdiction of any complaint by a state prisoner against his jailors for any alleged mistreatment or deprivation. See, Andrade v. Hauck, 452 F.2d 1071 (5th Cir. 1971). The complaint in this case is sufficient to invoke the Court's jurisdiction. However, that is not enough to save it from dismissal for failure to state a claim upon which relief can be granted, Rule 12(b)(6), F.R.Civ.P.[1]

Stuart complains that he is segregated from female prisoners and deprived of both the opportunity and facilities for conjugal relationships, that is, intimate sexual relations including intercourse, with them or with female visitors.[2]

Sexual relations and the law have a long common history. The earliest of legal codes, Hammurabi's (circa 1700 B.C.) and Moses' (circa 1500 B.C.) contain provisions regulating the marital relationship. Moses' terse Sixth Commandment to the Hebrews is well known: "You shall not commit adultery." Exodus, 20:14. Articles 499–502 of the Vernon's Ann.Texas Penal Code contain the modern version of the prohibition. In Texas, as in other jurisdictions both now and in the past, fornication and rape are punishable offenses.[3] In times gone by sexual relations were recognized as legally protected rights incident to the ownership of land. In feudal England one form was known as "pimp-tenure." As distinguished from serjeant's or knight's tenure where the tenant held the land by rendering military service to his lord, a tenant holding under "pimp-tenure" was obliged to provide young women for his lord's use and pleasure. Bouvier's Law Dictionary (3rd Rev.), Vol. II, p. 2593, citing Statute 12 Edw. 1, which condemned the practice. Another form was "droit du seigneur," also known as jus primae noctis (right of the first night). This was a feudal right said to have existed in medieval Europe giving to the lord of the manor to whom it belonged the right to sleep the first night with the bride of any one of his vassals. It is believed to have existed only in France and Italy, and then only for a short time in the late thirteenth and early fourteenth centuries. Ency-

---

1. There is a distinction between "lack of jurisdiction" and "failure to state a claim," although it is often blurred by judges. See, Wright, Law of Federal Courts, § 18, p. 62, citing Bell v. Hood, 327 U.S. 678, 66 S.Ct. 773, 90 L.Ed. 939 (1946).

2. He does not allege that he is married. Presumably he could marry now, if he is not already married.

3. Texas Penal Code, Arts. 503, 504 (fornication), and Arts. 1183–1189 (rape).

clopaedia Brittanica, Vol. 7, p. 697 (1973). The right was immortalized by the French statesman and dramatist Beaumarchais in his Marriage of Figaro (1778). The hoped-for exercise of the droit du seigneur is the focal point of the play, and of Mozart's opera based upon the play.

These peculiar incidents of feudal tenure have long since vanished. The question presented here is whether the company of the opposite sex and the opportunity for conjugal relations is a right incident to the being of an incarcerated person, the deprivation of which is cruel and unusual punishment forbidden by the Eighth Amendment to the United States Constitution. Similar claims were rejected by the courts in Tarlton v. Cark, 441 F.2d 384 (5th Cir. 1971) and Payne v. District of Columbia, 102 U.S. App.D.C. 345, 253 F.2d 867 (1958). Recently the United States District Court for the Southern District of Iowa denied relief to a state prisoner who complained *inter alia* that the state's denial of conjugal visits and the employment of female guards enflamed passions and was therefore cruel and unusual punishment. The Court found the claims to be frivolous and, relying upon *Payne,* held that the complaint did not state claims upon which relief could be granted. Brown v. Gillman, Civil No. 73–80–2, S. D.Iowa, March 30, 1973.

■ The Plaintiff's arguments for facilities for conjugal visits may not be unreasonable. Mississippi and several foreign nations provide such facilities in their penal institutions. Palmer, Constitutional Rights of Prisoners, § 3.12 (1973); Goldfarb and Singer, Redressing Prisoner's Grievances, 39 Geo.Wash. L.Rev. 179, 203–204 (1970). Legislation providing for such visits is under consideration in Illinois and other states and its advocates predict it would have a desirable rehabilitative effect. However, Tarlton v. Cark and Payne v. District of Columbia teach us that the issue of "conjugal visits" does not involve a constitutionally protected right. The complaint therefore does not present a claim upon which relief may be granted. Furthermore, logic and the current literature on the subject indicate that if such a reform is to be instituted it is a policy decision, and therefore a legislative one.

■ The request for a three judge court under 28 U.S.C. § 2281 to consider the constitutionality of V.A.T.S., Art. 5115, will be denied. Where the challenge levelled at the state statute is so insubstantial that it does not rise to the level of a federal question, a three judge court is not required. Bailey v. Patterson, 369 U.S. 31, 33, 82 S.Ct. 282, 7 L. Ed.2d 332 (1962), and A. C. L. U. v. Wallace, 456 F.2d 1069 (5th Cir. 1972). It is clear from the foregoing discussion that, while other forms of sex discrimination present federal questions,[4] there is no federally protected constitutional right to a conjugal relationship with one's spouse during a period of incarceration nor is there a right to be incarcerated with members of the opposite sex. Tarlton v. Cark, 5th Cir., 441 F.2d 384 and Payne v. District of Columbia, 102 U.S.App.D.C. 345, 253 F.2d 867 (1958). Consequently, a three judge court is unnecessary.

Therefore, it is ordered that the Plaintiff's request for the convening of a three judge court be, and the same is hereby, denied; and

That the Defendants' Motion to Dismiss for Failure to State a Claim be, and the same is hereby, granted. Judgment will enter accordingly.

---

4. See, Frontiero v. Richardson, 411 U.S. 677, 93 S.Ct. 1764, 36 L.Ed.2d 583 (1973) and Reed v. Reed, 404 U.S. 71, 92 S.Ct. 251, 30 L.Ed.2d 225 (1971); generally 42 U.S.C. § 2000e et seq.