Carmel CORDERO, Raul Rodriguez, Wilfred Woolridge, Plaintiffs,

v.

Thomas COUGHLIN, III, Commissioner of N.Y. State Department of Correctional Services, Stephen Dalsheim, Superintendent Downstate Correctional Facility, Defendants.

No. 84 Civ. 728 (RO).

United States District Court, S.D. New York.

Aug. 3, 1984.

Prisoners' Legal Services of New York, Poughkeepsie, N.Y. (Pamela Goldberg, Robert Selcov, Poughkeepsie, N.Y., of counsel), for plaintiffs.

Robert Abrams, Atty. Gen. of State of New York, New York City (Frederic Lieberman, New York City, of counsel), for defendants.

MEMORANDUM AND ORDER

OWEN, District Judge.

Plaintiffs are inmates in various New York State prisons who suffer from Acquired Immune Deficiency Syndrome

("AIDS"). Proceeding under 42 U.S.C. § 1983, they allege that the policies and practices of the prison officials in segregating them from the general inmate population, and the consequent lack of social, recreational and rehabilitative opportunities, violate their rights under the First, Eighth and Fourteenth Amendments to the Constitution, and under the New York law governing the administration of a correctional facility.

Before me are plaintiffs' motion to preliminary enjoin this segregation and defendants' motion to dismiss for failure to state a claim. As both parties have submitted affidavits concerning matters outside the pleadings, notably the effects and treatment of AIDS, I treat defendants' motion as one for summary judgment. *Keating v. BBDO International Inc.*, 438 F.Supp. 676 (S.D.N.Y.1977). There being no dispute as to any of the material facts concerning plaintiffs' conditions of confinement, and the law in this area being clear, defendants' motion is granted. Obviously, in light of this, plaintiffs' motion for an injunction is denied.

The undisputed facts as set forward in the pleadings and affidavits before me reveal that plaintiffs' situations are indeed grim. They suffer from an incurable, fatal disease, both the genesis and transmission of which is poorly understood. They are therefore greatly feared by fellow inmates and, apparently, ostracized. The papers before me, however, reveal no breach of any duty by defendants. On the contrary, they give the clear impression that defendants are doing their best to cope with an extraordinarily difficult problem involving issues of correctional management, security and health care provision. Each of the constitutional bases asserted for plaintiffs' claims fails as a clear matter of law.

■ The Equal Protection Clause requires that similarly situated people be treated equally. Because AIDS victims are not similarly situated to other prisoners the Equal Protection Clause simply does not apply here. *Francis v. Immigration and Naturalization Service*, 532 F.2d 268, 272–

33 (2d Cir.1976). Even assuming that the Equal Protection Clause does apply, AIDS victims are not a "suspect class" and therefore as long as there is a legitimate government end and the means used are rationally related to that end, the Equal Protection Clause is not violated. *Massachusetts Board of Retirement v. Murgia*, 427 U.S. 307, 96 S.Ct. 2562, 49 L.Ed.2d 520 (1976). Here, the state sets forth its objective: to protect both the AIDS victims and other prisoners from the tensions and harm that could result from the fears of other inmates. The existence of such fears, whether realistic or not, has not been contradicted. Certainly the separation of these inmates therefore bears a rational relation to this objective, at least until some better system is developed, and it is undisputed that defendants are changing their programs as they work to improve their ability to cope with the needs of prisoners with AIDS. It is clear therefore that as a matter of law defendants must prevail on the equal protection claim.

Plaintiffs next claim that they have been denied such liberty as is guaranteed by the Fourteenth Amendment of the Constitution. The Supreme Court itself has stated, however, that "the transfer of an inmate to less amenable and more restrictive quarters for nonpunitive reasons is well within the terms of confinement ordinarily contemplated by a prison sentence." *Hewitt v. Helms*, 459 U.S. 460, 103 S.Ct. 864 at 869–70, 74 L.Ed.2d 675. To argue otherwise would be to "draw from the due process clause more than it can provide." *Id.* at 869. Prison officials have broad discretion and incarcerated individuals retain "only a narrow range of protected liberty interests." *Id.*

■ Furthermore, under applicable New York law, there is no requirement of a hearing before prison officials may act. *Id.* at 871. 7 NYCRR, parts 250–300. A decision such as is involved here is clearly one of discretion, and as a matter of law plaintiffs' due process rights have not been violated.

Plaintiffs also assert that their Eighth Amendment rights to be free of cruel and unusual punishment have been violated. However, the degree of Eighth Amendment scrutiny afforded an inmate is limited to ensuring that they receive "adequate food, clothing, shelter, sanitation, medical care and personal safety." *Wolfish v. Levi*, 573 F.2d 118, 125 (2d Cir.1978). Here, plaintiffs make no assertion that they have been deprived of the above cited necessities. As Justice Rehnquist has stated: "I know of nothing in the Eighth Amendment which requires that [inmates] be housed in a manner most pleasing to them or considered even by most knowledgeable penal authorities to be likely to avoid psychological confrontations, psychological depression, and the like." *Atiyeh v. Capps*, 449 U.S. 1312, 1315–16, 101 S.Ct. 829, 831, 66 L.Ed.2d 785. Plaintiffs here have alleged no facts which could entitle them to relief under the Eighth Amendment.

Plaintiffs last constitutional claim is that they have been denied their rights to privacy, free expression and free association in violation of the First Amendment. However, First Amendment rights are limited by "[t]he fact of [a prisoner's] confinement and the needs of the penal institution...." *Jones v. North Carolina Prisoners' Labor Union, Inc.*, 433 U.S. 119, 125, 97 S.Ct. 2532, 2537, 53 L.Ed.2d 629 (1977). Obviously, in a case such as this, defendants cannot be compelled to provide plaintiffs with the identical privileges available to the other inmates. There is therefore no basis for relief under the First Amendment on the circumstances of this case.

Finally, plaintiffs have asserted claims under New York law. However, *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 104 S.Ct. 900, 907–11, 79 L.Ed.2d 67 (1984) precludes a federal court from awarding injunctive and declaratory relief solely on the basis that defendants violated requirements of state law. The state law claims are therefore dismissed.

Defendants' motion for summary judgment is granted. Plaintiffs' motion is denied.

Submit order and judgment accordingly.