OPINION OF THE COURT
Lawrence E. Kahn, J.
In the above-captioned CPLR article 78 proceeding, petition *710 ers seek a judgment directing that they be allowed participation in the "Family Reunion Program” at Auburn Correctional Facility.
The facts necessary for a resolution of this litigation are not in dispute. John Doe is currently serving an indeterminate term of imprisonment for a period of 5 Vi to 11 years. During this period of incarceration he married petitioner Jane Doe. In October of 1985, petitioners were afforded access to a trailer on prison grounds for approximately 48 hours. On or about December 31, 1985, John Doe was diagnosed as having Acquired Immune Deficiency Syndrome (AIDS). He is presently housed in isolation in the hospital unit of the facility. On February 28, 1986, his request for a second trailer visit was denied for reasons of health. On April 28, 1986 the denial was reaffirmed upon the ground that he had been "diagnosed as having a communicable disease”. The instant proceeding was thereafter commenced.
The "germ theory of disease” was nonexistent prior to the late nineteenth century. (The Role of the Federal Government in Protecting Citizens from Communicable Diseases, 47 U Cin L Rev 537.) It was in this climate that Edgar Allen Poe penned one of his most chilling tales: The Masque of the Red Death. Therein, while plague swept the countryside, a group of people locked themselves in the seclusion of a castle. They decided that the "external world could take care of itself’. However, this was not to be, for despite their efforts, the disease "had come like a thief in the night”. It was the popular myth that no one was safe from a disease, the origins of which were unknown. Prevention was thought impossible. Notwithstanding the substantial passage of time, vestiges of this anxiety are prevalent today. "While it is obvious that medical knowledge has changed vastly in the past century, there is little to suggest that basic human responses to disease have changed at all. People are still afraid of both disease and the sick.” (Fear itself: AIDS, Herpes and Public Health Decisions, 3 Yale L & Poly Rev 479, 480 [1985].) This attitude is most dramatically demonstrated by the public concern vis-ávis the spread of AIDS. As such, it is incumbent upon the courts to render determinations on the basis of sound legal principles with guidance from the latest medical and scientific research available.
Initially, the court rejects petitioners’ assertion that 42 USC § 1983 is applicable to the case at bar. That statute affords a remedy in the form of an action at law or other proceeding *711 where a party has been deprived of constitutional rights, privileges or immunities by a State official’s abuse of his position. It is not a source of substantive rights, but rather, was enacted as a vehicle to ensure that rights obtained through the United States Constitution or Federal statutes are enforced (Baker v McCollan, 443 US 137; Monroe v Pape, 365 US 167).
The assertion that denial of participation violates petitioner’s right to privacy pursuant to the United States Constitution 14th Amendment has been specifically rejected (Jones v North Carolina Prisoners’ Union, 433 US 119; Pell v Procunier, 417 US 817). The argument that decisions concerning sexual relations between husband and wife are protected by the fundamental right to marital privacy (Griswold v Connecticut, 381 US 479) is unavailing. While petitioners would certainly be protected from State interference in the privacy of their own home, that right has been abrogated during petitioner John Doe’s period of incarceration (Stuart v Heard, 359 F Supp 921). Similarly, participation is not mandated by any equal protection argument (Cordero v Coughlin, 607 F Supp 9, 10 [US Dist Ct SDNY 1984]). Finally, petitioners can receive no benefit from 29 USC § 794 (The Rehabilitation Act of 1973) in that the Auburn Correctional Facility does not utilize any Federal funds to support its trailer visitation program.
The remaining issue is whether respondent’s determination to deny petitioner’s request for a trailer visit has a rational basis. Regulations of Correctional Services Department, title 7, part 220 provide for a "Family Reunion Program” within the Department of Correctional Services. "The goal of the program is to preserve, enhance and strengthen family ties that have been disrupted as a result of incarceration.” This court must profess a jaundiced view of any system which provides for conjugal visits for prison inmates. This is particularly true of the petitioner at bar, in that, as aforesaid, they were married during John Doe’s period of incarceration. Thus, the court is at a loss to determine precisely what family ties have been "disrupted as a result of incarceration”. Granting conjugal visit privileges to this petitioner makes a mockery of the goal of the "Family Reunion Program”. Quite simply, upon the submissions before the court, there does not appear to be any significant reason for these petitioners to have been afforded access to the trailer in the first instance. Notwithstanding the wisdom of allowing the prior participation, the *712 court is now asked to sanction, and indeed mandate, a second visit under even more suspect circumstances.
It has been firmly established that there is no constitutional right to conjugal visits or participation in the "Family Reunion Program” (Jennings v Coughlin, US Dist Ct, NDNY, Sept. 12, 1983, Munson, Ch. J., 82-CV-07). "Very plainly, there is no constitutional right to conjugal visitation within the State’s prison system * * * The State may, however, authorize conjugal visits as a privilege * * * Where such a program is implemented in a reasonable manner, consistent with the inmate’s status as a prisoner and the legitimate operational considerations of the institution, it will withstand judicial scrutiny” (Matter of Mary of Oakknoll v Coughlin, 101 AD2d 931, 932).
7 NYCRR 220.3 (c) (8) provides that where an inmate is diagnosed as having a communicable disease, a special review will be conducted to determine eligibility. Nowhere does the regulation define the term "communicable”. Absent some reference thereto, the court shall not infer that the Commissioner is bound by the classification of the Public Health Council. Petitioner has received a special review. His health condition as of January 1986 is fully documented in the submissions before the court.
A determination of whether AIDS should be classified as a communicable disease, a contact disease or a reportable disease is not necessary for a resolution of this litigation. The Sanitary Code, while not including AIDS in the list of communicable diseases, classifies it as a reportable disease (10 NYCRR 24-1.1) and provides for closure of commercial establishments where high risk sexual activity may actually occur. This regulation has been challenged and upheld (City of New York v New St. Mark’s Baths, Sup Ct, NY County, Jan. 6, 1986, a copy of which is possessed by all parties). Herein, petitioners seek to require the State to sanction, encourage and allow a situation where transmission of the disease may occur. This is particularly true given the fact that the program guidelines are such that there is no way to ensure that the parties will utilize what they define as "safe sex techniques” or that they will remove the risk of transmission. This is vastly different from a situation where two competent consenting adults, under the marital privacy doctrine, are free to do what they will, regardless of the risk or the wisdom of their decisions. Here, the State must, by the very nature of *713 the program, sanction such activity, or at least, provide its acquiescence.
Given the selective nature of the program, the wide latitude afforded the respondent in determining eligibility, the special review afforded petitioner John Doe after diagnosis of illness, and the present body of medical knowledge available to respondent, the court cannot conclude that petitioners have met their burden of establishing that the determination was irrational, arbitrary or capricious. Likewise, mandamus is not available to these petitioners in that the relief sought is discretionary. Resort to the courts for the purpose of mandamus may not be had to compel performance of a discretionary act.
The petition for a judgment directing that petitioners be granted a trailer visit at Auburn Correctional Facility within 30 days shall be dismissed. The judgment shall declare that the actions of respondents in denying petitioners’ access to the Family Reunion Program does not violate any of petitioners’ constitutional rights as guaranteed by the United States Constitution (42 USC § 1983), the New York State Constitution or the laws of New York State.