**George Nelson William TRAUFLER, Daniel Lee Vanskike, Thomas Ray James, Plaintiffs,**

**v.**

**Governor James THOMPSON, et al., Defendants.**

**No. 87 C 4833.**

United States District Court, N.D. Illinois, E.D.

June 23, 1987.

[redacted]

George N.W. Traufler, Daniel Lee Vanskike, Thomas Ray James, pro se.

No appearances filed for defendants.

## MEMORANDUM OPINION AND ORDER

BRIAN BARNETT DUFF, District Judge.

Plaintiffs in this pro se civil rights action are three inmates currently confined at the Stateville Correctional Center. The complaint charges the twenty-seven named defendants with "conspiracy to commit genocide." Like many pro se conspiracy complaints, the allegations are lengthy and convoluted. In essence, plaintiffs contend that a variety of state, federal, and private individuals and agencies are deliberately attempting to spread AIDS among prisoners in an attempt to eliminate minorities in order to reduce the welfare burden on the public fisc. Plaintiffs seek one million dollars each in damages and various injunctive relief including immediate release from custody. Before the Court are plaintiffs' motions for leave to file their complaint in forma pauperis.

 In this Circuit, the Court may deny a plaintiff leave to file a case without prepayment of the filing fee if it finds the complaint is frivolous or malicious. *Wartman v. Milwaukee County Court*, 510 F.2d 130, 134 (7th Cir.1975). A complaint is frivolous if plaintiff can make no rational argument in law or facts to support his claim for relief. *Jones v. Morris*, 777 F.2d 1277, 1279–80 (7th Cir.1985). Under this standard, a court could summarily dismiss a complaint if the allegations are "beyond credulity." *Anderson v. Coughlin*, 700 F.2d 37, 43 (2d Cir.1982); *cf. Blackledge v. Allison*, 431 U.S. 63, 76, 97 S.Ct. 1621, 1630, 52 L.Ed.2d 136 (1977) (citing "palpably incredible" standard to justify summary dismissal of habeas corpus petition). The allegations of a complaint generally must be accepted as true. Therefore, the beyond credulity standard should be applied rarely. But the courts should not be burdened with a case if the facts alleged are so fantastic as to be beyond belief of any reasonable person. The Court finds that this is such a case.

 AIDS unquestionably is a serious public health problem that is impacting on our nation's prisons. To stem its spread among the inmate population, prison administrators undoubtedly will have to make delicate policy decisions that will have constitutional implications. *See Cordero v. Coughlin*, 607 F.Supp. 9 (D.C.N.Y.1984). But the instant complaint, with its broad, unsupported allegations of conspiracy, is more a product of hysteria than reason. The possibility that individuals as disparate as Illinois Department of Corrections Director Michael Lane, the Directors of the ACLU and NAACP, and United States Attorney General Edwin Meese are acting

jointly to infect prisoners with a deadly disease is so remote as to be beyond reasonable consideration.[1]

Accordingly, finding the complaint frivolous, the Court denies plaintiffs' motions for leave to file in forma pauperis. Plaintiffs' motion for federal protective custody and motion for appointment of counsel are denied as moot.

---

**1.** Buried among the outlandish charges of an AIDS conspiracy are some serious allegations of inadequate security. Each plaintiff alleges that other inmates attacked or threatened to attack him. The Court's conclusion that plaintiffs' allegations of conspiracy are frivolous reflects no finding as to the viability of these allegations as a separate and distinct claim. Prison officials may be held liable under the Eighth Amend- ment for deliberate indifference to their duty to protect inmates from assaults by fellow inmates. *French v. Owens,* 777 F.2d 1250, 1257 (7th Cir.1985), *cert. denied,* —— U.S. ——, 107 S.Ct. 77, 93 L.Ed.2d 32 (1986). If plaintiffs feel that their injuries resulted from a failure to provide reasonable protection, then they may pursue their claims in an independent suit against the responsible parties.