934 F.2d 324
 Unpublished Disposition
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 
 Gary ST. HILAIRE, Plaintiff-Appellant,
v.
ARIZONA DEPARTMENT OF CORRECTIONS, Defendants-Appellees.
 No. 90-15344.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 27, 1990.*
Decided May 30, 1991.
 Before PREGERSON, FERGUSON and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 While confined in the Arizona State Prison complex at Perryville-Santa Cruz, St. Hilaire filed this Sec. 1983 action requesting that prisoners with AIDS be identified and isolated from the general prison population, and alleging that the prison's failure to do so constituted cruel and unusual punishment in violation of the Eighth Amendment of the U.S. Constitution. He then moved for a temporary restraining order prohibiting prison officials from double-bunking inmates because of the increased potential for AIDS transmission between cellmates, but was transferred to a different prison while the motion was pending.[1] Judge Copple treated the TRO motion as a request for a preliminary injunction against the Perryville Complex, and denied it as moot. St. Hilaire now appeals the denial as allowed by 29 U.S.C. Sec. 1291(a)(1).[2]
 
 
 3
 We review a denial of a preliminary injunction under a very limited standard. Religious Technology Center v. Scott, 869 F.2d 1306, 1309 (9th Cir.1989). Such denials will be reversed only if the district court abused its discretion or based its decision on an erroneous legal standard or on clearly erroneous findings of fact. Id. at 1309. "Unless a district court incorrectly applies the law, its grant or denial of a motion for a preliminary injunction is subject to very limited review." Sierra Club v. Marsh, 816 F.2d 1376, 1382 (9th Cir.1987).
 
 
 4
 St. Hilaire argues that his need for an injunction is not moot because he might be transferred back to Perryville at any time under Meachum v. Fano, 427 U.S. 215, 224 (1976). While this may be true, he is free to file a new motion and/or amend his complaint to reflect his changed circumstances, and in fact has already done so. See St. Hilaire v. Ariz. Dep't of Corrections, No. 90-16145. St. Hilaire has not alleged any "reasonable expectation" or "clear probability" that he will be transferred back to Perryville, so his claim for injunctive relief is likely moot under Darring v. Kincheloe, 783 F.2d 874, 876 (9th Cir.1986). However, in the interests of judicial economy and for the benefit of future panels which will shortly be faced with deciding St. Hilaire's second and third appeals, we address the merits and reject his claim.
 
 
 5
 To obtain a preliminary injunction, the movant must demonstrate "either (1) a combination of probable success on the merits and the possibility of irreparable injury, or (2) that serious questions are raised and the balance of hardships tips sharply in its favor." Chalk v. U.S. District Court, 840 F.2d 701, 704 (9th Cir.1988). Because the district court denied St. Hilaire's motion as moot, it failed to rule on whether he had met this burden.[3]
 
 
 6
 On appeal, St. Hilaire urges that the danger that he may be infected with AIDS by a fellow inmate constitutes potential irreparable injury, a contention with which we must agree. AIDS is an extremely dangerous disease, and infection has proved invariably fatal, no less in the prison population than in the general population. See Glick v. Henderson, 855 F.2d 536, 539 (8th Cir.1988); Note, "Women in Prison with AIDS: An Assault on the Constitution?", 64 S.Cal.L.Rev. 741, 753-759 (1991). However, as in Glick, the risk that St. Hilaire alleges is extremely remote. AIDS cannot be transmitted by casual contact, such as sharing a cell with an infected person, and St. Hilaire's fears of contracting the disease from kitchen workers or during sports activities are speculative at best. Although he alleges that few precautions are taken to protect him from HIV infection, he has not claimed that he is in imminent danger of rape or physical attack by an infected inmate, or shares needles with fellow inmates, which would be the likely forms of transmission.
 
 
 7
 Furthermore, St. Hilaire has failed to demonstrate that he would probably succeed on the merits of his claim. In the prison setting, judicial intervention is to be avoided except in the gravest of cases, and courts must defer to the expertise of prison administrators in setting internal policy. Bell v. Wolfish, 441 U.S. 520, 545-48 (1979) (inmates' constitutional rights necessarily limited by institutional constraints); Redman v. County of San Diego, 896 F.2d 362 (9th Cir.1990), reheard en banc October 11, 1990 (jail officials not liable for transfer which resulted in gang rape by cellmates).
 
 
 8
 Although some courts have upheld prison decisions to quarantine HIV-infected inmates, demands by non-infected inmates for such segregation have repeatedly been denied. Compare Glick, 855 F.2d at 539 (upholding dismissal of demands for testing and segregation of infected inmates under Eighth and Fourteenth Amendments); Cameron v. Metcuz, 705 F.Supp. 454 (N.D.Ind.1989) (same); Maddox v. Goode, 1989 WESTLAW 17544 (E.D.Pa. Feb. 27, 1989) (ALLFEDS library) (dismissing claims as "frivolous") with Muhammad v. Carlson, 845 F.2d 175 (8th Cir.1988), cert. denied, 489 U.S. 1068 (1989) (no liberty interest violated by decision to segregate); Cordero v. Coughlin, 607 F.Supp. 9 (S.D.N.Y.1984) (same). In fact, an argument could be made that St. Hilaire's request that the HIV status of inmates be published to the prison population at large might violate infected inmates' rights to privacy and confidential medical treatment. See, e.g., Walker v. Sumner, 917 F.2d 382 (9th Cir.1990) (forced, mandatory AIDS test might violate inmates' constitutional rights); Woods v. White, 689 F.Supp. 874 (W.D.Wis.1988), aff'd, 899 F.2d 17 (7th Cir.1990) (disclosure of inmate test results by medical staff actionable); In re Doe v. Coughlin, 71 N.Y.2d 48, 56, 523 N.Y.S.2d 782, 787, cert. denied, 488 U.S. 879 (1988); Cal. Health and Safety Code Sec. 199.20 (Deering 1990).
 
 
 9
 As for the balance of hardships, it also seems to tip in favor of prison officials here. The Supreme Court has allowed prison officials "wide-ranging deference" in the administration of prisons, Bell, 441 U.S. at 547, and we have cautioned that "prisons must be run by prison officials not judges." Toussaint v. McCarthy, 922 F.2d 844 (9th Cir.1990) (as amended, slip op. 2217) (February 27, 1991). Requiring that prison administrators test and isolate all HIV and AIDS infected inmates might well be costly and disruptive to the orderly functioning of the Arizona state prison system, as well as medically inappropriate.
 
 
 10
 Absent any evidence to the contrary, we must assume that prison medical policy is adequate to prevent transmission of infectious diseases, including AIDS, and that infected individuals who might be especially contagious are treated appropriately. St. Hilaire has not alleged that any prison official has acted with "deliberate indifference" to his particular medical needs, that any infected inmate has threatened to assault him, or that any immediate health risk exists. Thus, he has alleged no cognizable violation of his Eighth Amendment rights. Cf. Estelle v. Gamble, 429 U.S. 97 (1976) (deliberate indifference to medical needs actionable); McKinney v. Anderson, 924 F.2d 1500 (9th Cir.1991) (exposing prisoner to secondhand smoke); Berg v. Kincheloe, 794 F.2d 457 (9th Cir.1986) (ignoring threat by fellow inmate). While deliberately forcing an inmate to share his cell with a sexually aggressive, violent, or very ill AIDS carrier might constitute a "deliberate indifference" claim, the medical issues involved in managing a large population of inmates in varying degrees of health cannot be micro-managed by this court. The district court's denial of St. Hilaire's motion is thus AFFIRMED.
 
 
 
 *
 This panel unanimously agrees that this case is appropriate for submission without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 St. Hilaire had moved to join officials of his new prison, Douglas-Mohave, but the motion was referred to a magistrate below and was still pending when this appeal was taken
 
 
 [2]
 Since filing this appeal, St. Hilaire has amended his complaint below to name officials at Douglas-Mohave and the Arizona Department of Corrections, and filed a second preliminary inujnction motion. That motion was also denied, and the underlying case dismissed under Rule 12(b)(6). His appeals of both decisions are currently pending before the Ninth Circuit. See St. Hilaire v. Arizona Dept. of Corrections, et al., No. 90-16145 (notice of appeal filed August 1, 1990), and second appeal (not yet docketed). His motion to consolidate was denied by the clerk on September 10, 1990
 
 
 [3]
 In initially denying St. Hilaire's TRO motion, Judge Copple found that the plaintiff had not demonstrated a likelihood of immediate and irreparable injury, but had raised a serious question. Although he ordered the warden to respond to the motion, no response was apparently filed, and the appellee has not filed a brief in this appeal. See Order of October 25, 1989, ER B, and Docket Sheet