983 F.2d 1072
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Lamar CHAPMAN III, Plaintiff-Appellant,
v.
STATE OF ILLINOIS, et al., Defendants-Appellees.
 No. 92-1385.
 United States Court of Appeals, Seventh Circuit.
 Submitted Nov. 13, 1992.[1]
Decided Dec. 18, 1992.
 
 Before COFFEY and EASTERBROOK, Circuit Judges, and WOOD, JR., Senior Circuit Judge.
 
 ORDER
 
 1
 Plaintiff Lamar Chapman filed this pro se appeal from a district court order denying plaintiff's application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915, and dismissing the complaint with prejudice.
 
 
 2
 We agree with the district court that plaintiff is unable to state a federal claim. The district court did not abuse its discretion in dismissing plaintiff's action. See Denton v. Hernandez, 112 S.Ct. 1728, 1734, 118 L.Ed.2d 340 (1992). We affirm the judgment of the district court for the reasons set forth in the attached memorandum opinion and order.
 
 
 3
 AFFIRMED.
 
 
 4
 IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN
 
 DISTRICT OF ILLINOIS EASTERN DIVISION
 
 5
 LAMAR CHAPMAN III, Plaintiff,
 
 
 6
 v.
 
 
 7
 STATE OF ILLINOIS; COOK COUNTY STATE'S ATTORNEY; ROBERT W.
 
 
 8
 KROP, Idividually; EDWIN J. RICHARDSON, Individually; JOHN
 
 
 9
 A. WASILEWSKI, Individually; PATRICK QUINN, Individually;
 
 
 10
 JOHN COYNE, Individually; BANK OF HOMEWOOD, an Illinois
 
 
 11
 Banking Corporation; WILLIAM J. BRYAN, Individually;
 
 
 12
 CURRIE MOTORS, INCORPORATED, an Illinois Corporation; and
 
 
 13
 BURTON BERGER, Individually, Defendants.
 
 No. 92 C 0120
 MEMORANDUM OPINION AND ORDER
 
 14
 Pending before the Court in this action is plaintiff Lamar Chapman III's application to proceed in forma pauperis. For the reasons set forth below, the application is denied, and the complaint is dismissed.
 
 
 15
 28 U.S.C. § 1915 provides that when a plaintiff requests leave to file suit in forma pauperis, a court should examine both the plaintiff's financial status and his or her complaint, and the court may dismiss the complaint if it is frivolous. Although the pleading standards for pro se complaints are less stringent than the standards for complaints drafted by attorneys, Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 596 (1972), if a court concludes that the claims asserted in the complaint cannot succeed, the court should deny leave to proceed in forma pauperis and dismiss the case, Wartman v. Branch 7, Civil Division, 510 F.2d 130, 134 (7th Cir.1975). In order to state a claim upon which relief may be granted, a plaintiff must state the facts which led to the filing of his or her claim and the law under which relief is sought. A court must also be able to read the complaint and understand why the lawsuit has been brought and what legal rights are at issue. Furthermore, the complaint must be framed in such a way that the defendant can respond to the plaintiff's allegations. Fed.R.Civ.P. 8, 9. Although a complaint which fails to state a claim upon which relief could be granted and which would therefore not survive a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) is not necessarily frivolous for purposes of § 1915, a court has the authority to dismiss a complaint which "lacks even an arguable basis in law." Neitzke v. Williams, 109 S.Ct. 1827, 1833 (1989). A court may also summarily dismiss a complaint if its allegations are "beyond credulity," i.e., if the "facts alleged are so fantastic as to be beyond belief of any reasonable person." Traufler v. Thompson, 662 F.Supp. 945, 946 (N.D.Ill.1987); see also Neitzke, 109 S.Ct. at 1833.
 
 
 16
 Plaintiff's six-count complaint names eleven defendants, including the State of Illinois, the Cook County State's Attorney, three judges sitting in the Circuit Court of Cook County, and two assistant state's attorneys, as well as the Bank of Homewood and Currie Motors, Inc. and two of their attorneys. Plaintiff is an African-American. He asserts claims under 42 U.S.C. §§ 1981, 1983, 1985(3), 1988, 2000a based upon purported violations of the Supremacy Clause of Article VII of the U.S. Constitution, the Due Process and Equal Protection Clauses of the Fourteenth Amendment, and the Fourth, Fifth, Sixth, and Eighth Amendments.
 
 
 17
 The complaint appears to find its genesis in several lawsuits filed in the Circuit Court of Cook County. Two are suits by the Bank of Homewood against plaintiff and his brother. Bank of Homewood v. Bert Chapman, No. 89 M6-410; Bank of Homewood v. Lamar Chapman, No. 89 M6-441. These seem to be collection suits arising from overdrafts upon certain bank accounts at the Bank of Homewood. In a third suit, plaintiff has sued his former employer, Currie Motors, Inc. for backpay and other monies allegedly due him. Lamar Chapman III v. Currie Motors, Inc., et al., No. 90 M1-134636. The allegations here are too lengthy to summarize in detail. In essence, plaintiff alleges that in connection with the Bank of Homewood's suits against plaintiff and his brother, the defendants entered into a conspiracy to harass plaintiff and deprive him of his federal rights (including his right to due process, equal protection of the laws, freedom from cruel and unusual punishment, etc.). Examples of the misdeeds allegedly committed by defendants include the following:
 
 
 18
 (1) defendant Judge Robert W. Krop allegedly presided over the Bank's suit against plaintiff, entered a default judgment in the Bank's favor, struck plaintiff's counterclaim, and entered monetary sanctions against plaintiff without disclosing that the Bank held a mortgage on his home and that he and his wife maintained a checking account at the Bank (Count I, pp 27-40);
 
 
 19
 (2) the Bank and its counsel, knowing that the Circuit Court lacked personal jurisdiction over plaintiff, allegedly proceeded to serve plaintiff and his family members with citations to discover assets (Count I, pp 41-42);
 
 
 20
 (3) Currie Motor's counsel allegedly threatened plaintiff that he and the Bank's counsel were "going to teach you a lesson" (Count I, p 44);
 
 
 21
 (4) plaintiff's spouse and sister-in-law allegedly were arrested at the instruction of defendant Judge Edwin J. Richardson in order to prevent plaintiff from attending a summary judgment hearing in his suit against Currie Motors (Count I, pp 45-50);
 
 
 22
 (5) when plaintiff, his spouse, his brother, and his sister-in-law later filed suit against the Bank and its counsel, Richardson allegedly issued orders precluding plaintiff from attempting to serve process in the suit and requiring plaintiff to appear before Richardson so that plaintiff would be unable to attend an Illinois Department of Labor hearing regarding his claim for wages against Currie Motors (Count I, pp 51-54);
 
 
 23
 (6) the Bank allegedly drafted a petition for rule to show cause why plaintiff should not be held in contempt of court in retaliation for the suit he had filed against the Bank, and Richardson and Assistant State's Attorneys Patrick Quinn and John Coyne allegedly cooperated with the Bank in prosecuting that petition against plaintiff (Count I pp 55-59);
 
 
 24
 (7) defendants have been parking outside plaintiff's home in unmarked vehicles and following his spouse and children (Count I p 84.)
 
 
 25
 As the result of these and other alleged machinations among the defendants, plaintiff allegedly missed his appearance at the Department of Labor (Count I p 62); was ultimately held in contempt of court, fined, and incarcerated (Count I pp 68-73); and purportedly has been denied the opportunity to assert his rights and receive due process of law in the various suits to which he is a party. Plaintiff seeks an injunction to prohibit defendants from further interfering with his rights (Count I), damages under 42 U.S.C. §§ 1981 and 1983 for the allegedly intentional discrimination against him on the basis of his race and denial of his federal rights (Count II); damages for the purported denial of his Sixth Amendment right to counsel and violation of the Supremacy Clause (Count III); damages for the alleged denial of his Fifth Amendment privilege against self-incrimination (Count IV); damages for defendant Richardson's alleged abuse of authority (Count V); and damages for the alleged infliction of cruel and unusual punishment in violation of the Eighth Amendment (Count VI).
 
 
 26
 Having carefully reviewed plaintiff's complaint, the Court is convinced that plaintiff is unable to state a viable federal claim for relief. The far-ranging conspiracy which plaintiff has alleged among the Bank, Currie Motors, their attorneys, prosecutors, and Illinois judges strains credulity beyond the breaking point. On that ground alone, the application for leave to proceed in forma pauperis could be denied and the complaint dismissed. That point aside, there are numerous other defects which are fatal to the complaint. First, the complaint is largely, if not exclusively, directed at the propriety of the various actions which the state courts have taken in the various lawsuits in which plaintiff is involved; in this sense, plaintiff's complaint represents an improper attempt to federalize his appeals from those suits. For this Court to entertain requests for review of or for injunctive relief vis is a vis proceedings pending in the Illinois courts would raise serious comity and federalism concerns. See generally Rogers v. Platt, 814 F.2d 683, 694 (D.C.Cir.1987) ("Federal review of state court decisions so vividly encroaches on state sovereignty that it is normally exercised only by the Supreme Court."); see also District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482-86, 103 S.Ct. 1315-17 (1983); 28 U.S.C. § 2283. To the extent plaintiff believes the state trial courts acted without personal jurisdiction, presided over cases in which they held a financial interest, improperly favored particular parties, improperly sanctioned him, and so on, these are issues which must be raised in the Illinois appellate court. Further, it is clear that the claims against at least some of the defendants are barred by the doctrine of immunity. For example, all claims against the state judges, which plainly are based upon acts taken within the scope of their judicial office and not in the clear absence of jurisdiction, are absolutely barred by the doctrine of judicial immunity. See Stump v. Sparkman, 435 U.S. 349, 355-57, 98 S.Ct. 1099, 1004-05 (1978); see also Forrester v. White, 108 S.Ct. 535, 544-45 (1988). Finally, even if the Court were to assume that plaintiff potentially could state viable federal claims based upon the kinds of facts which he has alleged, it would nonetheless find that the facts alleged here do not support plaintiff's conclusory allegations that the various defendants entered into a conspiracy to violate his federal rights as the result of his race and the claims he attempted to assert in the state proceedings against the Bank and Currie Motors. See Shucker v. Rockwood, 846 F.2d 1202, 1205 (9th Cir.1988) ("Invoking state legal procedures does not constitute 'joint participation' or 'conspiracy' with state officials sufficient to satisfy section 1983's state action requirement.") For all of these reasons, the Court concludes that plaintiff's complaint to be frivolous within the meaning of § 1915(d). Therefore, it denies the petition for leave to proceed in forma pauperis and dismisses the case with prejudice.
 
 
 27
 If plaintiff wishes to appeal this order, he must file a Notice of Appeal to the United States Court of Appeals for the Seventh Circuit with the Clerk of the Court, United States District Court, 219 South Dearborn Street, 20th Floor, Chicago Illinois 60604, within thirty (30) days of the entry of this order.
 
 
 28
 /s/ILANA DIAMOND ROVNER
 
 
 29
 /s/UNITED STATES DISTRICT JUDGE
 
 
 
 [1]
 Pursuant to this court's order of February 18, 1992, this appeal will be taken upon the brief of appellant. In addition, after preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record