983 F.2d 1059
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Roger ZACZEK, Plaintiff-Appellant,
v.
Edward W. MURRAY, Director; Dan Larson, Chief; W. D.
Blankenship, Warden; Randy Phillips, Counselor; Dr.
Walker, Chief Physician; Unknown Correctional Officer(S),
Assigned to Buildings # 1 and # 2 at Bland Correctional
Center; D. A. Williams, Warden; W. P. Welch,
Administrator; Dr. Kapil, Chief Physician; Sam Pruitt,
Warden, Defendants-Appellees.
 No. 91-6098.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: June 30, 1992
Decided: December 31, 1992
 
 Appeal from the United States District Court for the Western District of Virginia, at Roanoke. Jackson L. Kiser, District Judge. (CA-90-713-R)
 Roger Zaczek, Appellant Pro Se.
 Gail Y. Branum Carr, Office of the Attorney General of Virginia, Richmond, Virginia, for Appellees.
 W.D.Va.
 Affirmed.
 Before PHILLIPS, Circuit Judge, and BUTZNER and SPROUSE, Senior Circuit Judges.
 PER CURIAM:
 
 OPINION
 
 1
 Roger Zaczek, a former Virginia prisoner,[1] brought this 42 U.S.C. § 1983 (1988) action alleging three claims for relief. First, he claimed that he was not allowed to attend his grandfather's funeral because he could not pay for his travel expenses and those of a guard to escort him; he contended that these actions were a denial of equal protection. He next contended that the Defendants violated the Ex Post Facto Clause by applying Department of Corrections good time credit guidelines which were adopted after his crime. Finally, he claimed that Defendants violated his rights by not conducting mandatory HIV testing and segregating infected inmates. The district court granted summary judgment in favor of the Defendants; Zaczek appealed. We modify the district court's order in one respect and affirm. 28 U.S.C. § 2106 (1988).
 
 
 2
 As a preliminary matter, because Zaczek has been released his claims for injunctive and declaratory relief are moot. Ross v. Reed, 719 F.2d 689, 693 (4th Cir. 1983). Therefore, we modify the district court's order to reflect that to the extent that Zaczek sought relief in these forms, his claims are moot. However, his claims for monetary damages were not rendered moot by his release. Mawhinney v. Henderson, 542 F.2d 1, 2 (2d Cir. 1976).
 
 
 3
 The district court correctly found in favor of the Defendants on Zaczek's claim for damages on his funeral attendance claim. As the district court noted, poverty is not a suspect classification requiring strict scrutiny. Harris v. McRae, 448 U.S. 297, 323 (1980). Therefore, the regulation need only be rationally related to a legitimate state interest to pass equal protection analysis. McGinnis v. Royster, 410 U.S. 263, 270 (1973). The Defendants have pointed to two reasons for the regulation: the obvious security concern raised by the prospect of allowing an inmate to leave the prison unescorted, and the financial burden to the state of funding travel expenses for the inmate and a guard to escort him. These are certainly legitimate state interests, and the regulation is rationally related to these interests. Thus, the regulation does not violate an inmate's right to equal protection.
 
 
 4
 Zaczek's next claim was that the application of good time credit guidelines adopted after the time of his crime, rather than the guidelines in effect at the time of the crime, violated the Ex Post Facto Clause. Retroactive changes in good time credit calculation which disadvantage a prisoner are not permissible under the Ex Post Facto Clause. Weaver v. Graham, 450 U.S. 24 (1981). However, a law which merely alters a procedure but does not increase the amount of punishment imposed does not generally implicate ex post facto concerns. Collins v. Youngblood, 497 U.S. 37 (1990); Dobbert v. Florida, 432 U.S. 282, 293 (1977); Beazell v. Ohio, 269 U.S. 167, 171 (1925). It is not clear whether the changes in the guidelines at issue here are purely procedural, or whether they sufficiently infringe on substantive rights to state a claim of violation of the Ex Post Facto Clause.
 
 
 5
 Although Zaczek's claim for monetary damages on this claim is not moot, the Defendants are entitled to qualified immunity on this claim. Qualified immunity applies when a defendant does not violate any clearly established law of which a reasonable person would have known. Harlow v. Fitzgerald, 457 U.S. 800 (1982). In this case, it is not clear from the record that Zaczek was subjected to increased punishment due to the application of the good time credit guidelines adopted after his conviction. Because the guidelines about which Zaczek complained did not clearly result in an increased punishment to Zaczek, their application did not clearly violate the Ex Post Facto Clause. Consequently, the Defendants are entitled to qualified immunity on Zaczek's claim for damages because the law in this area is ambiguous and their actions did not violate a clearly established law of which a reasonable person would have known.
 
 
 6
 Finally, Zaczek contended that the Defendants failed to protect him from a known risk of infection with the AIDS virus because they failed to conduct mandatory HIV testing and failed to segregate inmates infected with the virus. He claimed that the Defendants had violated both statutory and constitutional protections through their actions. In support of the statutory claim, Zaczek cited Va. Code Ann. § 53.1-34 (Michie 1991).[2] That section provides that the Director of the Department of Corrections may authorize the warden of any state prison to segregate inmates with contagious diseases. That section does not require that the Director segregate such inmates. Therefore, Zaczek's statutory claim lacks merit.
 
 
 7
 He also claimed that failure to segregate inmates infected with the AIDS virus constituted deliberate indifference to his health and safety. This Court has not addressed the issue of segregation of prisoners infected with the virus; however, several other courts have addressed this issue.
 
 
 8
 Some courts have held, in light of challenges to prison decisions to segregate inmates with the AIDS virus, that segregation or other precautionary treatment of infected inmates is a permissible exercise of the discretion accorded to prison officials. Muhammad v. Carlson, 845 F.2d 175 (8th Cir. 1988) (challenging on due process grounds procedure for transferring inmates to AIDS ward), cert. denied, 489 U.S. 1068 (1989); Judd v. Packard, 669 F. Supp. 741 (D. Md. 1987) (challenging placement in isolation unit while being tested for AIDS virus); Cordero v. Coughlin, 607 F. Supp. 9 (S.D.N.Y. 1984) (holding that segregation of inmates with AIDS did not amount to cruel and unusual punishment or violate inmates' equal protection or free association rights). These courts have discussed the difficulties confronting prison administrators as a result of the increasing incidence of AIDS and the need to balance the rights of inmates with AIDS with the rights of non-infected prisoners. See Harris v. Thigpen, 941 F.2d at 1514-21 (discussing in detail balancing of inmates' rights and holding policy of mandatory testing and segregation of infected prisoners constitutionally permissible).
 
 
 9
 In other cases, courts have denied requests for mandatory segregation of inmates with AIDS. One of these cases, Glick v. Henderson, 855 F.2d 536 (8th Cir. 1988), involved claims similar to those brought by Zaczek. In Glick, a prisoner contended that prison administrators' failure to segregate inmates infected with the AIDS virus from the general prisoner population constituted a failure to protect the health and safety of non-infected inmates. The court held that the complaint did not state a claim of deliberate indifference because the plaintiff did not show a pervasive risk of contracting the virus, and that his claims were based on "unsubstantiated fears and ignorance." 855 F.2d at 539. Therefore, the court stated, prison officials acted within the bounds of their discretion in deciding not to institute a policy of mandatory testing for the virus and segregation of infected inmates. 855 F.2d at 540; see also Feigley v. Fulcomer, 720 F. Supp. 475 (M.D. Pa. 1989) (rejecting claim that failure to require segregation constituted cruel and unusual punishment; noting that mandatory testing not effective because of delay between infection and appearance of HIV antibodies); Woods v. White, 689 F. Supp. 874 (W.D. Wis. 1988) (holding that prisoner had a right to privacy which was violated by disclosure of his HIV-positive status to non-medical prison personnel and other inmates), aff'd, 899 F.2d 17 (7th Cir. 1990).
 
 
 10
 Although some courts have upheld prison officials' decisions to undertake mandatory testing and segregation, no court has required a prison system to undertake mandatory testing and segregation. The cases dealing with this issue all have one basic premise in common: each of the courts relied heavily on prison administrators' exercise of discretion. We hold that under this reasoning, the district court's rejection of Zaczek's claims regarding inmates infected with the AIDS virus was correct. Therefore, we affirm the grant of summary judgment in favor of the Defendants on Zaczek's claim for monetary damages.
 
 
 11
 We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not significantly aid the decisional process.
 
 AFFIRMED AS MODIFIED
 
 
 [1]
 Zaczek was released from custody after the district court's order but prior to resolution of this appeal
 
 
 [2]
 Zaczek also cited Va. Code Ann.s 53.1-133 (Michie 1991), but that section pertains only to local jails; Zaczek was incarcerated in a state prison. Therefore, § 53.1-133 is not applicable in this case