982 F.2d 526
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Roger D. MOSBY, Appellant,
v.
R. ANTHONY, Sgt., Appellee.
 No. 92-1325.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: October 12, 1992.
Filed: October 29, 1992.
 
 Before MAGILL, LOKEN, and HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Roger D. Mosby, an Arkansas inmate, appeals from the district court's[1] entry of judgment in favor of defendant Rick Anthony following a jury verdict in this 42 U.S.C. § 1983 action. We affirm.
 
 
 2
 In July 1990, Mosby filed a complaint with jury demand against Anthony, alleging Anthony violated his constitutional rights when he ordered Mosby to exercise with inmate Ellis, who had a history of aggressive behavior, or lose his right to exercise outdoors. He also claimed Anthony's actions caused him mental distress. Mosby sought damages and injunctive relief. After a one-day trial, the jury returned a verdict in favor of Anthony, and the district court subsequently denied all injunctive relief. This appeal followed.
 
 
 3
 Mosby's claim that the jury was "secretly" chosen lacks merit. Mosby's allegations in his appeal brief show that he was present during jury selection. Mosby could not have alleged that there were jurors he wished to have seated unless he was present during jury selection. The statement of Mosby's counsel, "We are [ready to proceed], Your Honor," further confirms Mosby was present when the court immediately began jury selection.
 
 
 4
 Mosby's claim that the court conspired with the two attorneys to limit his recovery to nominal damages is refuted by the jury instructions. The record shows that the jury was not limited to nominal damages, but was instructed to award Mosby a sum to compensate him for actual damages, if the jury found in his favor.
 
 
 5
 Moreover, we require the "nominal amount" instruction when the jury cannot place a monetary value on the damages suffered as the result of an Eighth Amendment violation. See Cowans v. Wyrick, 862 F.2d 697, 700 (8th Cir. 1988).
 
 
 6
 Finally, Mosby's claim that his court appointed attorney provided ineffective assistance of counsel during the trial is without merit. Mosby had no constitutional or statutory right to effective assistance of counsel in this § 1983 case. Glick v. Henderson, 855 F.2d 536, 541 (8th Cir. 1988).
 
 
 7
 Accordingly, we affirm.
 
 
 
 [1]
 The Honorable Henry Woods, United States District Judge for the Eastern District of Arkansas