56 F.3d 80
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 Richard PUCCIO, Plaintiff-Appellant,
v.
The UNITED STATES, Defendant-Appellee.
 No. 95-5006.
 United States Court of Appeals, Federal Circuit.
 May 8, 1995.
 
 Before MICHEL, PLAGER and RADER, Circuit Judges.
 DECISION
 PER CURIAM.
 
 
 1
 Richard Puccio appeals the July 28, 1994 decision of the United States Court of Federal Claims, Docket No. 93-580C, dismissing part of his case upon summary judgment and dismissing the remainder for lack of jurisdiction. Because Puccio's contention that he received ineffective assistance of counsel is not a proper ground for reversal, we affirm.
 
 DISCUSSION
 
 2
 Before the Court of Federal Claims, Puccio alleged that certain Federal Bureau of Investigations (FBI) agents recruited him to perform services as a criminal informant and that they promised him he would be paid 20 percent of the value of all property confiscated for any case in which he was an instrumental witness. The Court of Federal Claims granted summary judgment on the first count of Puccio's complaint because there was no genuine dispute of fact regarding the agents' lack of authority to enter into the alleged contract. The trial court dismissed Puccio's other claims, requesting specific performance, quantum meruit damages, damages based on Arizona and California labor statutes and consequential damages, as outside its jurisdiction.
 
 
 3
 Puccio's only contention on appeal is that he did not receive a fair hearing because his former counsel did not submit any evidence, failed to obtain affidavits, statements, and depositions from the FBI agents and failed to fully detail the amount of forfeitures. The quality of Puccio's representation, however, is not ground for reversal in a civil case. "It is well settled that a person is bound by the consequences of his representative's conduct." Rowe v. Merit Sys. Protection Bd., 802 F.2d 434, 437-38 (Fed. Cir. 1986). "[T]here is no constitutional or statutory right to effective assistance of counsel in a civil case." Glick v. Henderson, 855 F.2d 536, 541 (8th Cir. 1988).
 
 
 4
 Because Puccio has not raised a proper ground for reversal, we affirm.