73 F.3d 362
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Alice M. TRENT, Plaintiff-Appellant,
v.
MEAD DATA CENTRAL, INC., et al., Defendants-Appellees.
 No. 95-3308.
 United States Court of Appeals, Sixth Circuit.
 Dec. 19, 1995.
 
 1
 Before: SILER and MOORE, Circuit Judges, and FORESTER, District Judge.*
 
 ORDER
 
 2
 Alice M. Trent, an Ohio resident, appeals pro se the summary judgment for defendants in this employment discrimination action. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Seeking monetary, declaratory, and injunctive relief, Trent filed a complaint through counsel against her former employer and six of its employees, alleging that she had been discriminated against on the basis of her race throughout her employment, beginning in 1984 and culminating with her termination on September 23, 1992, in violation of 42 U.S.C. Sec. 1981, Title VII of the Civil Rights Act, and Ohio Rev.Code Ann. Sec. 4112.99. The parties agreed to submit the matter to a magistrate judge, with appeal to this court. Defendants filed an unopposed motion to dismiss the state law claim as barred by the statute of limitations, and the Title VII claim against the individual defendants, who had not been named in Trent's complaint to the EEOC. That motion was granted, and Trent does not appear to be appealing from that order. Defendants next moved for summary judgment on the remainder of the claims. Trent responded in opposition to the motion. The magistrate judge concluded that, even if Trent had established a prima facie case of discrimination, the defendants had articulated legitimate reasons for her discharge which Trent had not shown to be pretextual. Therefore, summary judgment was entered for the defendants. On appeal, Trent argues that her counsel below was ineffective in failing to present all of the evidence in support of her case.
 
 
 4
 Upon review, we conclude that the summary judgment for defendants was proper, as there is no genuine issue of material fact, and they are entitled to judgment as a matter of law. See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). Even if it is assumed that Trent could establish a prima facie case of discrimination, because the defendants proffered a legitimate, non-discriminatory reason for the adverse action taken against her, Trent was required to produce sufficient evidence from which a jury could reasonably reject the employer's explanation. See Manzer v. Diamond Shamrock Chems. Co., 29 F.3d 1078, 1083 (6th Cir.1994). Review of the record shows that Trent did not meet this standard.
 
 
 5
 Trent argues on appeal that her counsel below was ineffective in failing to produce all the evidence in support of her case. Because there is no constitutional right to the effective assistance of counsel in civil proceedings, this may be the basis for a malpractice action but it is not a basis for overturning the district court's judgment. See Friedman v. Arizona, 912 F.2d 328, 333 (9th Cir.1990), cert. denied, 498 U.S. 1100 (1991); Glick v. Henderson, 855 F.2d 536, 541 (8th Cir.1988).
 
 
 6
 Accordingly, the summary judgment for defendants is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Karl S. Forester, United States District Judge for the Eastern District of Kentucky, sitting by designation