_____

No. 96-1164
_____

Jean A. Apanda,                      *
                                     *
          Appellant,                 *
                                     * Appeal from the United States
     v.                              * District Court for the
                                     * District of Nebraska.
Iowa Beef Processors, Inc.,          *
                                     *     [UNPUBLISHED]
          Appellee.                  *


_____

          Submitted: December 27, 1996

             Filed: January 2, 1997
_____

Before FAGG, WOLLMAN, and MURPHY, Circuit Judges.
_____

PER CURIAM.


     Jean A. Apanda appeals from the district court's[1] order granting judgment as a matter of law following a bench trial to Iowa Beef Processors, Inc. (IBP), in this employment discrimination action. We affirm.

     In June 1993, after exhausting his administrative remedies and with the assistance of appointed counsel, Apanda, a black male American citizen originally from Zaire, filed an amended complaint, claiming that IBP discriminated against him on the basis of his race and national origin in violation of 42 U.S.C. § 2000e-2 and the Nebraska Fair Employment Practice Act, Neb. Rev. Stat. §§ 48-1101 to -1126 (1993). Apanda, who worked at IBP's meat processing plant, alleged that on November 7, 1990, substitute foreman Bob

_____

[1]The Honorable Thomas M. Shanahan, United States District Judge for the District of Nebraska.

Cherkas twice showed him improperly trimmed products, threatened him with termination, and later told him to go home. After determining that Apanda had voluntarily left the job, the personnel manager terminated him. Apanda alleged that Americans who are not black were treated differently than him in similar situations.

In February 1995 Apanda moved to amend his complaint to add a claim under 42 U.S.C. § 1981 and request a jury trial. Concluding the amendment was untimely and would unfairly prejudice IBP, the magistrate judge[2] denied the motion.

After a two-day bench trial, the district court issued a thirteen-page decision granting judgment as a matter of law under Federal Rule of Civil Procedure 52(c) to IBP. The district court concluded that Apanda failed to show, by a preponderance of evidence, any inference of unlawful discrimination, and granted judgment to IBP on both the Title VII and Nebraska state law claims.

On appeal Apanda raises four general arguments: (1) the district judge was biased against him and required he give only "yes or no" answers; (2) the district court should have weighed the evidence differently and considered that witnesses had lied at trial; (3) his appointed counsel was ineffective; and (4) he should have had a jury trial. Apanda has not supplied a transcript on appeal.

Absent a trial transcript, we cannot review Apanda's arguments that the district court was biased, erred in requiring Apanda to answer only yes or no, and failed to properly weigh the evidence in light of the lack of some witnesses' credibility. See Schmid v. United Bhd. of Carpenters & Joiners of Am., 827 F.2d 384, 386 (8th

---

[2]The Honorable Kathleen Ann Jaudzemis, United States Magistrate Judge for the District of Nebraska.

Cir. 1987) (per curiam) (claim of judicial bias and verdict against weight of evidence not preserved for review without transcript), cert. denied, 484 U.S. 1071 (1988); see also Davis v. Arkansas Dep't of Human Servs., 862 F.2d 173, 175 (8th Cir. 1988) (court of appeals will not reverse simply because it would weigh evidence differently).

Apanda's claim that his appointed counsel was ineffective fails because there is no statutory or constitutional right to effective assistance of counsel in a civil case. See Glick v. Henderson, 855 F.2d 536, 541 (8th Cir. 1988). Finally, we find no error in the denial of a jury trial.

Accordingly, we affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.