United States Court of Appeals
**FOR THE EIGHTH CIRCUIT**

_____

No. 96-2400

_____

Padraic Angelo Cook,                         *
                                             *
                                             *
              Appellant,                      *
                                             *
    v.                                        *    Appeal from the United States
                                             *    District Court for the
Michael Groose; Dave Dormire; Lt.            *    Western District of Missouri.
Ross; Donald Cline; Walter Richter;          *
Robert M. Malone, II,                        *         [UNPUBLISHED]
                                             *
              Appellees.                      *

_____

Submitted:  February 27, 1998

Filed:  March 2, 1998

_____

Before BOWMAN, WOLLMAN, and MORRIS SHEPPARD ARNOLD, Circuit
    Judges.

_____

PER CURIAM.

    Padraic Angelo Cook appeals from the final judgment of the district court[1]
entered upon a jury verdict in favor of defendant prison officials in this 42 U.S.C.

_____

[1]The Honorable William A. Knox, United States Magistrate Judge for the
Western District of Missouri, to whom the case was referred for final disposition by
consent of the parties pursuant to 28 U.S.C. § 636(c).

§ 1983 action claiming Muslims were denied equal protection at the Jefferson City Correctional Center (JCCC).  We affirm.

After a two-day jury trial, the jury concluded in its verdict interrogatory that Cook had a sincerely-held religious belief in the Muslim faith, but that he was not denied a reasonable opportunity to practice his faith comparable to the opportunities afforded other prisoners of different faiths.  Cook moved for a new trial, arguing, inter alia, the verdict was against the weight of the evidence.  The district court denied the motion.  On appeal, Cook argues the court erred in denying the new-trial motion, that counsel did not present all the evidence, and that he was prejudiced by the admission of evidence regarding his witnesses' criminal convictions.

We review for abuse of discretion the district court's denial of a motion for a new trial.  See Keenan v. Computer Assoc. Int'l, Inc., 13 F.3d 1266, 1269 (8th Cir. 1994).  Where, as here, "the basis of the motion for a new trial is that the jury's verdict is against the weight of the evidence, the district court's denial of the motion 'is virtually unassailable on appeal.'"  Keeper v. King, 130 F.3d 1309, 1314 (8th Cir. 1997) (quoted cases omitted).  Upon our review of the record, including the trial transcript, we conclude that the jury's conclusions were amply supported and that the district court did not abuse its discretion in denying the new-trial motion.

Cook's complaints regarding his counsel's representation are not grounds for reversal.  See Glick v. Henderson, 855 F.2d 536, 541 (8th Cir. 1988) (no constitutional right to effective assistance of counsel during civil trial).  As Cook failed to object to the admission of the evidence he now challenges, we review for plain error.  See McAlinney v. Maron Merrell Dow, Inc., 992 F.2d 839, 844 (8th Cir. 1993).  Because the jury knew the witnesses were inmates at the JCCC, we find no plain error in the limited admission of the types of their felony convictions.

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.