# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 99-2945NI

_____

Marvin D. Sisk,      *

     *

         Appellant,      *

     *

       v.      *

     *

Michael Kubik, individually, and      *    On Appeal from the United
Sheriff of Black Hawk County;      *    States District Court
William Miller, Captain, Individually      *    for the Northern District
and Jail Administrator of Black Hawk      *    of Iowa.
County, Iowa; Diane Heimbuck,      *
Faculty Nurse, Individually and as      *    [Not To Be Published]
Nurse of Black Hawk County, Iowa;      *
Patricia Ann Boeck, Faculty Nurse,      *
Individually and as Nurse of Black      *
Hawk County, Iowa,      *

     *

         Appellees.      *

_____

Submitted: July 21, 2000

Filed: August 15, 2000

_____

Before RICHARD S. ARNOLD, McMILLIAN, and BYE, Circuit Judges.

_____

PER CURIAM.

Marvin Sisk appeals the District Court's[1] dismissal of his 42 U.S.C. § 1983 complaint alleging deliberate indifference to his medical needs. Plaintiff filed suit against the sheriff and jail administrator of Black Hawk County, Iowa, and an unnamed jail nurse, whom he later identified in an amended complaint as two named nurses. The District Court dismissed one of the nurses for lack of service of process, granted summary judgment to the other, and granted the motion to dismiss of the sheriff and jail administrator. After a careful review of the record and the parties' briefs, we affirm.

We find that the District Court correctly granted summary judgment, because Plaintiff did not create a triable issue as to whether either of the nurses knowingly failed to provide essential medical care or to investigate an acute or escalating condition.[2] See Dulany v. Carnahan, 132 F.3d 1234, 1237, 1240-41, 1243 (8th Cir. 1997).

We note that the District Court essentially converted the sheriff and jail administrator's Federal Rule of Civil Procedure 12(b)(6) motion into one for summary judgment by not excluding from consideration the material they had presented outside of their pleadings, see Fed. R. Civ. P. 12(b). We also note that Plaintiff may have created a genuine issue of fact as to whether these two defendants had actual knowledge of Plaintiff's complaints concerning the alleged denial of medical care. Nevertheless, because Plaintiff has failed to produce evidence that the nurses were

---

[1]The Honorable Mark. W. Bennett, United States District Judge for the Northern District of Iowa, adopting the reports and recommendations of the Honorable Paul A. Zoss, United States Magistrate Judge for the Eastern District of Iowa.

[2]The only notice Plaintiff had that the District Court was going to dismiss one of the nurses for lack of service of process was a recommendation to that effect in the Magistrate Judge's report. Cf. Fed. R. Civ. P. 4(m) (if service not made upon defendant within 120 days of filing complaint, court after notice to plaintiff shall dismiss action without prejudice). But in any event, the claim against the dismissed nurse fails for the same reason as it fails against the nurse to whom summary judgment was granted.

deliberately indifferent to his medical needs, his claim that the sheriff and jail administrator were liable for ignoring his complaints about his medical care must also fail.

Finally, Plaintiff's argument on appeal that appointed counsel was ineffective in prosecuting his case below fails, because there is no constitutional or statutory right to effective assistance of counsel in a civil case.  See <u>Glick v. Henderson</u>, 855 F.2d 536, 541 (8th Cir. 1988).

Accordingly, we affirm.

We deny Sisk's motion for appointment of counsel as moot.

A true copy.

      Attest:

            CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.