**Ruby STANDBERRY, Plaintiff–Appellant,**

v.

**CITY OF CLEVELAND, et al., Defendants–Appellees.**

No. 01–4249.

United States Court of Appeals, Sixth Circuit.

Aug. 1, 2002.

Before RYAN and BOGGS, Circuit Judges; HAYNES, District Judge.*

* The Honorable William J. Haynes, Jr., United States District Judge for the Middle District of Tennessee, sitting by designation.

## ORDER

Ruby Standberry, a pro se Ohio resident, appeals a district court judgment entering a jury verdict on behalf of the City of Cleveland and its building and housing commissioner, Lisa Thomas. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 1998, Standberry filed a civil rights action under 42 U.S.C. § 1983 against the city and Thomas contending that they violated her due process rights by boarding up her house after declaring it a public nuisance and a danger to the community. The court granted summary judgment to the city and Thomas as to Standberry's substantive due process claim, but denied summary judgment as to Standberry's procedural due process claim. The case proceeded to a jury trial as to the procedural due process claim. After trial, the jury found in favor of the city and Thomas.

In her timely appeal, Standberry contends that she was denied her constitutional rights because her attorneys failed to perform a pretrial investigation, failed to interview witnesses, and entered into stipulations without her knowledge. Standberry states that the actions of her attorneys denied her a fair trial. She also states that the city employees committed perjury, but the lack of pretrial preparation by her attorneys deprived the jury of this fact.

Standberry's appeal is essentially a claim of ineffective assistance of counsel. It is well settled that there is no constitutional or statutory right to effective assistance of counsel in a civil case. *See Fried-*

*man v. Arizona,* 912 F.2d 328, 333 (9th Cir.1990); *Glick v. Henderson,* 855 F.2d 536, 541 (8th Cir.1988). Litigants in a civil proceeding may not attack an adverse judgment on the grounds of ineffective assistance of trial counsel. *Friedman,* 912 F.2d at 333. Instead, the appropriate remedy is a malpractice action against the attorney. *Glick,* 855 F.2d at 541. Thus, Standberry's complaint that she was denied a fair trial due to the actions of her attorneys does not warrant a reversal of the jury's verdict.

Accordingly, we affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.