**Anthony Lamon PERKINS,
Plaintiff–Appellant,**

v.

**MBNA AMERICA, Defendant–Appellee.**

No. 01–3980.

United States Court of Appeals,
Sixth Circuit.

Aug. 8, 2002.

Before SUHRHEINRICH and BATCHELDER, Circuit Judges; LITTLE, District Judge.*

Anthony Lamon Perkins, proceeding pro se, appeals a district court order dismissing his employment discrimination action filed pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e; 42 U.S.C. § 1981; and state law. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

On July 17, 2000, Perkins, through counsel, filed a complaint against MBNA America. Perkins, an African–American, alleged that he had been employed by MBNA as a Customer Service Specialist since March 24, 1997. Perkins alleged that during the course of his employment, he applied for various positions within the company, but was never promoted to another position because of his race. Perkins also alleged that he was disciplined throughout his employment because of his race. After filing a charge of discrimination with the Equal Employment Opportunity Commission and receiving a right-to-sue letter, Perkins filed the instant action. He sought monetary relief.

On May 4, 2001, MBNA filed a motion for summary judgment. On May 15, 2001, Perkins filed a motion for extension of time to respond to MBNA's motion, which the district court denied because he did

* The Honorable F.A. Little, Jr., United States District Judge for the Western District of Louisiana, sitting by designation.

not indicate the reason why an extension of time was required. On May 24, 2001, Perkins filed a motion to dismiss the action pursuant to Fed.R.Civ.P. 41(a)(2). MBNA filed a response in opposition to Perkins's motion, to which Perkins replied.

In an order filed on August 13, 2001, the district court informed the parties that in light of the advanced stage of the proceedings and the plain legal prejudice that MBNA would suffer if the action was dismissed without prejudice, "the Court will grant [Perkins's] motion only on the condition that the dismissal is with prejudice." The district court afforded Perkins the option of withdrawing his motion to dismiss without prejudice by August 17, 2001, or proceeding with his motion to dismiss, which the district court would construe as a motion to dismiss with prejudice. On August 29, 2001, after the August 17, 2001 deadline passed without any action taken by Perkins, the district court dismissed Perkins's action with prejudice pursuant to Fed.R.Civ.P. 41(a)(2). Perkins has filed a timely appeal. He is now proceeding pro se.

We review for an abuse of discretion a district court's ruling on a motion for voluntary dismissal pursuant to Fed.R.Civ.P. 41(a)(2). *United States v. One Tract of Real Prop.*, 95 F.3d 422, 425 (6th Cir.1996); *Grover v. Eli Lilly & Co.*, 33 F.3d 716, 718 (6th Cir.1994). We also review for an abuse of discretion a district court's imposition of conditions upon a voluntary dismissal. *Duffy v. Ford Motor Co.*, 218 F.3d 623, 629 (6th Cir.2000). In determining whether dismissal with prejudice in response to a plaintiff's motion to dismiss without prejudice was an appropriate exercise of discretion, a reviewing court should consider: 1) whether the district court afforded "the plaintiff notice of its intention to dismiss with prejudice;" 2) whether the district court afforded the plaintiff "an op-

portunity to be heard in opposition to dismissal with prejudice;" and 3) whether the district court afforded the plaintiff "an opportunity to withdraw the request for voluntary dismissal and proceed with the litigation." *One Tract of Real Prop.*, 95 F.3d at 425–26 (citations omitted).

Upon review, we conclude that the district court did not abuse its discretion when it dismissed Perkins's complaint with prejudice pursuant to Fed.R.Civ.P. 41(a)(2). First, the district court's August 13, 2001 order clearly notified Perkins that dismissal without prejudice would not be entertained and that, unless he withdrew his motion to dismiss by August 17, 2001, his motion to dismiss without prejudice would be construed as a motion to dismiss with prejudice. Second, Perkins was permitted an opportunity to be heard in response to the district court's contemplated action in this case. Third, the district court expressly permitted Perkins the opportunity to withdraw his motion to dismiss without prejudice and proceed with the litigation.

To the extent that Perkins contends that his attorneys' representation was deficient, his argument is an insufficient basis upon which to appeal the dismissal of his action. Because there is no constitutional right to counsel in a civil case, *Lassiter v. Dep't of Soc. Servs.*, 452 U.S. 18, 25–27, 101 S.Ct. 2153, 68 L.Ed.2d 640 (1981); *Lavado v. Keohane*, 992 F.2d 601, 605–06 (6th Cir. 1993), there is no right to effective assistance of counsel in a civil case. *Friedman v. Arizona*, 912 F.2d 328, 333 (9th Cir. 1990); *Glick v. Henderson*, 855 F.2d 536, 541 (8th Cir.1988). Perkins is free to pursue a legal malpractice action against his former attorneys, without authorization from this court, if he feels that their representation was deficient. *See Glick*, 855 F.2d at 541.

Accordingly, the district court's order is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.