Michael Alexander BROWN,
Plaintiff–Appellant,

v.

CITY OF DETROIT; Regina Allen; Jamie McCree; Dale Collins; William H. Rice, Jr.; John Doe, 1–3, Defendants–Appellees.

No. 02–1065.

United States Court of Appeals, Sixth Circuit.

Sept. 23, 2002.

Before KRUPANSKY and CLAY, Circuit Judges; GWIN, District Judge.*

Michael Alexander Brown, a Michigan prisoner proceeding pro se, appeals a district court judgment dismissing his civil rights complaint filed pursuant to 42 U.S.C. § 1983 and state law. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary relief, Brown filed a complaint against the City of Detroit ("City") and Regina Allen, Jamie McCree, Dale Collins, and William Rice, police officers employed by the City. Brown alleged that on January 26, 1997, he was arrested by Allen and McCree. Brown alleged that prior to his arrest, Allen shot him in his left arm, causing serious injury. Following his arrest, Brown was transported by ambulance to the Detroit Receiving Hospital, where he received medical treatment for his wound. Upon his release from the hospital that same day, Brown was transported to the police station and charged with first degree murder of Carl Johnson, assault with intent to murder Harvey Witcher, Allen, and McCree, and possession of a firearm during the commission of a felony. Brown was subsequently found guilty, following a jury trial, of second degree murder of Carl Johnson, assault with intent to murder Witcher and Allen, and felony firearm. He is currently serving the sentences imposed for those offenses.

Brown alleged that Allen used excessive force and assaulted and battered him when she shot him in the arm prior to his arrest and that the City condoned Allen's conduct through its unconstitutional policies and customs. Brown alleged that McCree, Collins, and Rice denied him medical treatment while he was in police custody and that Allen, McCree, Collins, and Rice were grossly negligent in their duties.

The defendants filed a motion for summary judgment, to which Brown responded. A magistrate judge filed a report recommending that the defendants' motion be granted. Over Brown's objections, the district court rejected the magistrate judge's report and recommendation in part, granting summary judgment in favor of McCree, Collins, and Rice, but denying summary judgment in favor of Allen and the City. Thereafter, the district court sua sponte appointed counsel to represent Brown for the duration of the proceedings. Allen and the City subsequently filed a motion for reconsideration of their motion for summary judgment. After construing a pro se letter that Brown had sent the district court as a response to the motion for reconsideration, the district court granted the motion for reconsideration, granted summary judgment in favor of Allen and the City, and dismissed Brown's complaint. Brown's motion to vacate the judgment was denied. Brown has filed a timely appeal. He is now proceeding pro se.

---

* The Honorable James S. Gwin, United States District Judge for the Northern District of Ohio, sitting by designation.

We review the district court's grant of summary judgment de novo. *Kincaid v. Gibson,* 236 F.3d 342, 346 (6th Cir.2001). Summary judgment is appropriate when the evidence presented shows " 'that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.' " *Id.* (quoting Fed.R.Civ.P. 56(c)).

■ Upon review, we conclude that the district court properly granted summary judgment in favor of the defendants. With respect to Brown's denial of medical treatment claim, the district court properly granted summary judgment in favor of McCree, Collins, and Rice. In order to establish an inadequate medical care claim in violation of the Eighth Amendment, a prisoner must demonstrate that the defendant acted, or failed to act, with "deliberate indifference to serious medical needs." *Farmer v. Brennan,* 511 U.S. 825, 835, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994) (quoting *Estelle v. Gamble,* 429 U.S. 97, 104, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976)). Deliberate indifference is the reckless disregard of a substantial risk of serious harm; mere negligence will not suffice. *See id.* at 835–36, 114 S.Ct. 1970. The record indicates that Brown received his medication while in police custody and that his gunshot wound healed properly. On these facts, there is simply no basis upon which to conclude that McCree, Collins, and Rice were grossly negligent, much less deliberately indifferent to, Brown's medical needs.

■ With regard to Brown's excessive use of force claim, the district court properly granted summary judgment in favor of Allen and the City. "[W]hen a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plain-tiff can demonstrate that the conviction or sentence has already been invalidated." *Chatman v. Slagle,* 107 F.3d 380, 382 (6th Cir.1997) (quoting *Heck v. Humphrey,* 512 U.S. 477, 487, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994)). A ruling in Brown's favor on his excessive use of force claim would undermine the validity of his conviction for assault with intent to murder Allen. Since Brown did not contend that his state court conviction for assault with intent to murder Allen has been reversed, overturned, or otherwise invalidated, *see Heck,* 512 U.S. at 486–87, 114 S.Ct. 2364, his § 1983 excessive use of force claim seeking monetary damages cannot be maintained.

Moreover, Brown offered no probative evidentiary material in support of his contention that the City operated pursuant to an unconstitutional custom or policy which encouraged its police officers to use excessive force when arresting citizens. Governmental entities cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged violation of constitutional rights. *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 692, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); *Gregory v. Shelby County, Tenn.,* 220 F.3d 433, 442 (6th Cir.2000).

In his appellate briefs, Brown contends that he was denied effective assistance of counsel below and that his confession to the crimes for which he was convicted was coerced by the defendants. However, Brown's claim of ineffective assistance of counsel is an insufficient basis upon which to appeal the dismissal of his action. Because there is no constitutional right to counsel in a civil case, *Lassiter v. Dep't of Soc. Servs.,* 452 U.S. 18, 25–27, 101 S.Ct. 2153, 68 L.Ed.2d 640 (1981); *Lavado v. Keohane,* 992 F.2d 601, 605–06 (6th Cir. 1993), there is no right to effective assistance of counsel in a civil case. *Friedman v. Arizona,* 912 F.2d 328, 333 (9th Cir.

1990); *Glick v. Henderson*, 855 F.2d 536, 541 (8th Cir.1988).

Furthermore, issues which were previously decided in a state criminal proceeding may have a collateral estoppel effect in a subsequent § 1983 civil rights action as long as the state court "has given the parties a full and fair opportunity to litigate federal claims and thereby has shown itself willing and able to protect federal rights." *Allen v. McCurry*, 449 U.S. 90, 103–04, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980). Because Brown had a full and fair opportunity to litigate the issue of whether his confession was coerced in both the state trial and appellate courts, he may not relitigate his coerced confession claim in the instant § 1983 action.

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.