Ava Maria MCMAHON,
Plaintiff–Appellant,

v.

REBOUND CARE, doing business as
Open Arm Care, Defendant–
Appellee.

No. 01–5488.

United States Court of Appeals,
Sixth Circuit.

Dec. 11, 2002.

Before MARTIN, Chief Judge;
DAUGHTREY, Circuit Judge; and
O'MALLEY, District Judge.*

*ORDER*

Ava Maria McMahon, proceeding pro se, appeals a jury verdict entered in favor of the defendant in her employment discrimination action filed pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–5 et seq.

In her complaint as amended, McMahon, an African–American, asserted that her employer, Rebound Care, had demoted her for allegedly making racist remarks to Nigerian female co-workers, but had merely reprimanded a white supervisor who had made racist remarks to an African–American patient. Although Rebound Care of-

* The Honorable Kathleen M. O'Malley, United States District Judge for the Northern District of Ohio, sitting by designation.

fered McMahon a lower level position at another facility, McMahon declined the offer. She thereafter exhausted her administrative remedies and filed a timely action in the district court. As noted above, a jury found in favor of the defendant.

On appeal, McMahon argues that the verdict was against the weight of the evidence and that counsel rendered ineffective assistance. She also requests a free copy of the transcript. The defendant requests that McMahon's brief be stricken as insufficient.

Upon review, we conclude that McMahon did not preserve for appeal her argument that the verdict was against the weight of the evidence. To preserve such an argument, a party must first raise it in the district court in either a motion for a new trial or in a motion for a judgment as a matter of law. *United States v. L.E. Cooke Co.*, 991 F.2d 336, 343 (6th Cir. 1993); *Dixon v. Montgomery Ward*, 783 F.2d 55, 55 (6th Cir.1986). However, the record does not reflect that McMahon filed either type of motion.

Additionally, if the argument had been preserved for appeal, the court would still have to affirm the district court's judgment in favor of the defendant because McMahon has not provided the court with a transcript of the proceedings. In the absence of a transcript or narrative statement, the weight of the evidence to support the trial court's judgment cannot be questioned on appeal. *Hawley v. City of Cleveland.*, 24 F.3d 814, 820–21 (6th Cir.1994).

We further conclude that McMahon's argument that her trial counsel provided incompetent legal representation lacks merit because it is well-settled that there is no constitutional or statutory right to effective assistance of counsel in a civil case. *See, e.g., Friedman v. Arizona*, 912

F.2d 328, 333 (9th Cir.1990); *Glick v. Henderson*, 855 F.2d 536, 541 (8th Cir. 1988). Thus, litigants in a civil proceeding may not attack an adverse judgment on this basis. *Friedman*, 912 F.2d at 333. Instead, the appropriate remedy is a malpractice action against the attorney. *Glick*, 855 F.2d at 541.

Accordingly, all pending motions are denied, and the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.