# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 04-3816

———————

Latonieo Lawson,                *

                              *

         Appellant,        *

                              *   Appeal from the United States

    v.                    *   District Court for the

                              *   Eastern District of Arkansas.

Arkansas Department of Human    *

Services; Arkansas State Hospital,   *   [UNPUBLISHED]

Department of Public Safety,      *

                              *

         Appellees.        *

———————

Submitted: October 7, 2005
Filed: October 14, 2005

———————

Before BYE, McMILLIAN, and RILEY, Circuit Judges.

———————

PER CURIAM.

Latonieo Lawson appeals the district court's[1] adverse grant of summary judgment in his Title VII action alleging discrimination based on his race (African-American). Having carefully reviewed the record, see Howard v. Columbia Pub. Sch. Dist., 363 F.3d 797, 800 (8th Cir.) (standard of review), cert. denied, 125 S. Ct. 436 (2004), we agree with the district court that Lawson failed to create any trialworthy

———————

[1]The Honorable J. Leon Holmes, Chief Judge, United States District Court for the Eastern District of Arkansas.

issues on his hostile-work-environment or constructive-discharge claims, because the conduct he identified was not sufficiently severe or pervasive, see, Duncan v. Gen. Motors Corp., 300 F.3d 928, 934 (8th Cir. 2002), cert. denied, 538 U.S. 994 (2003), and did not reflect intolerable working conditions, see Breeding v. Arthur J. Gallagher & Co., 164 F.3d 1151, 1159 (8th Cir. 1999). We further find that the district court properly granted summary judgment on Lawson's disparate-treatment claim because he did not adduce evidence showing that individuals outside his protected group were treated more favorably and were similarly situated in all relevant respects. See Gilooly v. Mo. Dep't of Health & Senior Servs., 421 F.3d 734, 739 (8th Cir. 2005). We note that Lawson cannot obtain reversal by asserting that he received ineffective assistance of counsel. See Glick v. Henderson, 855 F.2d 536, 541 (8th Cir. 1988).

Accordingly, we affirm. See 8th Cir. R. 47B.

_____