# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-2840

_____

| | |
|---|---|
| William Carter, | * |
| | * |
| Appellant, | * |
| | * Appeal from the United States |
| v. | * District Court for the Eastern |
| | * District of Missouri. |
| Jay Englehart, | * |
| | * [UNPUBLISHED] |
| Appellee. | * |

_____

Submitted: June 6, 2008
Filed: August 15, 2008

_____

Before MURPHY, COLLOTON, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

William Carter, who is civilly committed to the Missouri Sexual Offender Treatment Center (MSOTC), appeals the district court's[1] adverse grant of summary judgment in his 42 U.S.C. § 1983 action against an MSOTC psychiatrist, arising out of the involuntary administration of a psychotropic medication.

To begin, we note that Carter's ineffective-assistance-of-counsel argument is unavailing. See Glick v. Henderson, 855 F.2d 536, 541 (8th Cir. 1988) (there is no

_____

[1]The Honorable Henry E. Autrey, United States District Judge for the Eastern District of Missouri.

statutory or constitutional right to effective assistance of counsel in civil case). We also decline to address claims that he raises for the first time on appeal. See Poolman v. City of Grafton, 487 F.3d 1098, 1101 (8th Cir. 2007) (declining to consider claim raised for first time on appeal).

Regarding Carter's claim of a civil rights violation, we have carefully reviewed the record and considered Carter's arguments on appeal, and we conclude that summary judgment was appropriately granted. See Johnson v. Hamilton, 452 F.3d 967, 971-72 (8th Cir. 2006) (de novo standard of review). We also agree with the district court that Carter's negligence and medical malpractice claims are not cognizable under section 1983, see Alberson v. Norris, 458 F.3d 762, 765 (8th Cir. 2006); Dulany v. Carnahan, 132 F.3d 1234, 1239 (8th Cir. 1997), and we find no abuse of discretion in the court's decision not to exercise supplemental jurisdiction over these state-law claims, see Johnson v. City of Shorewood, 360 F.3d 810, 819 (8th Cir. 2004). However, we modify the judgment to clarify that the dismissal of Carter's state-law claims was without prejudice, see Labickas v. Ark. State Univ., 78 F.3d 333, 334-35 (8th Cir. 1996) (per curiam), and we affirm the judgment as modified, see 8th Cir. R. 47B.

_____