# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 07-2018

———————

| | | |
|---|---|---|
| Yvonne Thomas, | * | |
| | * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Eastern District of Missouri. |
| St. Louis Board of Police | * | |
| Commissioners; Michael J. Quinn; | * | [UNPUBLISHED] |
| Bartholomew Saracino; Francis G. | * | |
| Slay, Mayor; Jo Ann Freeman; | * | |
| Christopher Goodson; Julius Hunter; | * | |
| Jerry Lattimore; Andre Smith, | * | |
| | * | |
| Appellees. | * | |

———————

Submitted: April 1, 2009
Filed: April 6, 2009

———————

Before RILEY, SMITH, and BENTON, Circuit Judges.

———————

PER CURIAM.

Yvonne Thomas appeals following the district court's[1] entry of judgment on an adverse jury verdict in her action brought under 42 U.S.C. § 1983. On appeal,

---

[1]The Honorable Thomas C. Mummert, United States Magistrate Judge for the Eastern District of Missouri, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).

Thomas recounts her trial-testimony version of the underlying incident and alleges that her trial counsel was incompetent and did not effectively represent her. We find no plain error, see Muhammad v. McCarrell, 536 F.3d 934, 938 (8th Cir. 2008) (standard of review), because the jury verdict is amply supported by the evidence and Thomas's appeal is, in essence, an attack on the jury's credibility determinations, see Kramer v. Logan County Sch. Dist. No. R-1, 157 F.3d 620, 624 (8th Cir. 1998) (appeals court does not lightly overturn jury verdict); Anheuser-Busch, Inc. v. John Labatt Ltd., 89 F.3d 1339, 1346 (8th Cir. 1996) (this court will not second-guess jury's credibility determinations).

Finally, Thomas's argument regarding the competency of her trial counsel is unavailing. See Glick v. Henderson, 855 F.2d 536, 541 (8th Cir. 1988) (remedy for ineffective assistance of appointed counsel in civil action is legal malpractice suit).

Accordingly, we affirm. See 8th Cir. R. 47B.

_____