# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-3648

_____

Karen R. Rosby,

        Appellant,

v.

Unum Life Insurance Company of
America,

        Appellee.

\*
\*
\*
\*
\*   Appeal from the United States
\*   District Court for the
\*   Eastern District of Arkansas.
\*
\*   [UNPUBLISHED]
\*
\*

_____

Submitted: August 13, 2010
Filed: August 24, 2010

_____

Before BYE, BOWMAN, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

Karen Rosby appeals the district court's[1] affirmance of Unum Life Insurance Company of America's (Unum's) termination of long-term disability benefits in this action under the Employment Retirement Income Security Act (ERISA).

After careful de novo review of the record, we conclude that Unum, the administrator of Rosby's employer-based disability plan, did not abuse its discretion

_____

[1]The Honorable J. Leon Holmes, Chief Judge, United States District Court for the Eastern District of Arkansas.

in terminating Rosby's disability benefits because its decision was supported by substantial evidence that Rosby could perform the material and substantial duties of her job, as detailed in the district court's opinion.  See Norris v. Citibank, N.A. Disability Plan (501), 308 F.3d 880, 883-84 (8th Cir. 2002) (appellate standard of review and applicable standard for reviewing plan administrator's decision under ERISA).  We also decline to remand based on a Social Security Administration decision that was not part of the administrative record or binding on Unum, see Wakkinen v. Unum Life Ins. Co., 531 F.3d 575, 583 (8th Cir. 2008) (examining only evidence before plan administrator when benefits decision was made); Rutledge v. Liberty Life Assurance Co., 481 F.3d 655, 660-61 (8th Cir. 2007) (ERISA plan administrator not bound by Social Security Administration decision), or based on Rosby's dissatisfaction with counsel's assistance, see Glick v. Henderson, 855 F.2d 536, 541 (8th Cir. 1988) (no constitutional or statutory right to effective assistance of counsel in civil case).

Accordingly, we affirm.  See 8th Cir. R. 47B.

_____