**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

No. 12-1310

———————

RITA CHECHE,

Plaintiff – Appellant,

v.

WITTSTAT TITLE & ESCROW COMPANY, LLC; WACHOVIA BANK
NATIONAL ASSOCIATION; SPECIALIZED LOAN SERVICING, LLC,

Defendants - Appellees.

———————

Appeal from the United States District Court for the Eastern
District of Virginia, at Norfolk.   Mark S. Davis, District
Judge.  (2:09-cv-00577-MSD-TEM)

———————

Submitted:  September 21, 2012        Decided:  October 1, 2012

———————

Before DUNCAN, DAVIS, and WYNN, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Rita Cheche, Appellant Pro Se.  Kevin Roger Hildebeidel, MORRIS
HARDWICK SCHNEIDER, PLLC, Dulles, Virginia; Andrew Kelly
Rudiger, Hunter Wilmer Sims, Jr., KAUFMAN & CANOLES, PC,
Norfolk, Virginia, for Appellees.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Rita Cheche appeals the district court's ruling granting judgment in favor of Wittstat Title & Escrow Company, LLC, and Wachovia Bank National Association ("Wachovia") after a bench trial in her civil action seeking rescission of a credit transaction and damages under the Truth in Lending Act, 15 U.S.C.A. §§ 1601-1667f (West 2009 & Supp. 2012) ("TILA"). We affirm.

We review a judgment following a bench trial under a mixed standard of review. Factual findings may be reversed only if clearly erroneous, while conclusions of law are examined de novo. Roanoke Cement Co. v. Falk Corp., 413 F.3d 431, 433 (4th Cir. 2005). "[W]hen a district court's factual finding in a bench trial is based upon assessments of witness credibility, such finding is deserving of the highest degree of appellate deference." Evergreen Int'l, S.A. v. Norfolk Dredging Co., 531 F.3d 302, 308 (4th Cir. 2008) (internal quotation marks omitted).

Having reviewed the parties' informal briefs and the record before us, we perceive no basis on which to overturn the district court's judgment. We defer to the district court's findings—premised on credibility determinations—that Cheche entered into a valid credit transaction and did not cancel that transaction within the three-day period for doing so provided by

2

the TILA. We also reject as unexplained and without merit Cheche's appellate arguments challenging the district court's judgment on the basis of fraud, overcharging, withholding of evidence, the timing of the funding of the credit transaction, the lack of clear title, errors in the closing documentation, incompleteness of documents provided by Wachovia, and the conduct of employees for the entity from whom Cheche obtained a mortgage loan. Further, insofar as Cheche challenges the effectiveness of her trial counsel, allegations of ineffective assistance by counsel in a civil action are not sufficient to raise a valid claim for relief on appeal and entitle Cheche to no relief. Glick v. Henderson, 855 F.2d 536, 541 (8th Cir. 1988); Sanchez v. U.S. Postal Serv., 785 F.2d 1236, 1237 (5th Cir. 1986) (per curiam). Finally, we reject as wholly meritless Cheche's remaining arguments for overturning the district court's judgment.

Accordingly, we grant leave to proceed in forma pauperis and affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3