# United States Court of Appeals

### For the Eighth Circuit

_____

No. 24-1453

_____

C.B.S., a minor by his mother and guardian, Stephanie Hope Smith; Stephanie
Hope Smith, individually

*Plaintiffs - Appellants*

v.

United States of America

*Defendant - Appellee*

_____

Appeal from United States District Court
for the District of Minnesota

_____

Submitted: February 4, 2025
Filed: February 24, 2025
[Unpublished]

_____

Before SMITH, GRUENDER, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Appellants appeal the district court's[1] judgment after a bench trial in their Federal Tort Claims Act (FTCA) action arising out of a collision between their vehicle and a United States Postal Service truck. After careful review of the record and the parties' arguments on appeal, we find no basis for reversal. *See Howard v. United States*, 964 F.3d 712, 716 (8th Cir. 2020) (stating that after a bench trial, the court reviews legal conclusions de novo and factual findings for clear error; applying the law of the state where the alleged acts occurred in an FTCA action). We conclude that the court did not clearly err in its allocation of fault, *see Sandhofer v. Abbott-Northwestern Hosp.*, 283 N.W.2d 362, 368 (Minn. 1979) (explaining that apportionment of negligence is the function of the jury and that a verdict will not be set aside unless it is "manifestly and palpably contrary to the evidence"), or in its damage award, *see Molin v. Tyson Truck Line, Inc.*, 239 N.W.2d 461, 462 (Minn. 1976) (per curiam) (stating that the amount of damages is a fact question). We further conclude that the court did not plainly err in admitting the medical expert's testimony. *See Manuel v. MDOW Ins. Co.*, 791 F.3d 838, 845 (8th Cir. 2015) (applying plain-error review to expert testimony admitted without objection before or during trial). Finally, we conclude that the appellants' various claims of ineffective assistance of counsel are not a basis for reversal. *See Glick v. Henderson*, 855 F.2d 536, 541 (8th Cir. 1988) (remedy for ineffective assistance of counsel in a civil case is a malpractice suit against the attorney). Accordingly, we affirm. *See* 8th Cir. R. 47B.

_____

[1]The Honorable John R. Tunheim, United States District Judge for the District of Minnesota.