Derek L. GIVENS, Appellant,

v.

CINGULAR WIRELESS, Appellee.

No. 04–1496.

United States Court of Appeals,
Eighth Circuit.

Submitted: Feb. 4, 2005.

Filed: Feb. 7, 2005.

Derek L. Givens, pro se, Little Rock, AR.

Philip E. Kaplan, Regina Haralson, Kaplan & Brewer, Little Rock, AR, for Appellee.

Before WOLLMAN, MURPHY, and BENTON, Circuit Judges.

PER CURIAM.

Derek L. Givens appeals the district court's [1] adverse grant of summary judgment in his employment-discrimination action. Having carefully reviewed the record, see *Jacob–Mua v. Veneman*, 289 F.3d 517, 520 (8th Cir.2002) (standard of review), we affirm.

As to Givens's hostile-work-environment claim, we agree with the district court Givens did not show that he was subjected to conduct extreme enough to change the terms and conditions of his employment, see *Burkett v. Glickman*, 327 F.3d 658, 662 (8th Cir.2003), or that the conduct was due to his race or gender. As to Givens's retaliation claim, we also agree that placing Givens on a "performance improvement plan," without more, did not constitute an adverse employment action, see *Henthorn v. Capitol Communications, Inc.*, 359 F.3d 1021, 1028 (8th Cir.2004) (negative employment review is actionable only if it is later used as basis to alter in detrimental way terms or conditions of recipient's employment); and we find no

---

1. The Honorable James M. Moody, United States District Judge for the Eastern District of Arkansas.

basis in the record for a constructive-discharge claim, *see Summit v. S–B Power Tool,* 121 F.3d 416, 421 (8th Cir.1997) (explaining constructive discharge), *cert. denied,* 523 U.S. 1004, 118 S.Ct. 1185, 140 L.Ed.2d 316 (1998). Finally, Givens's complaint about his counsel's representation in the district court is not a basis for reversal. *See Glick v. Henderson,* 855 F.2d 536, 541 (8th Cir.1988).

Accordingly, we affirm. *See* 8th Cir. R. 47B.