NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-3600
_____

RAYMOND C. REYNOLDS,

Appellant

v.

DEPARTMENT OF THE ARMY; FRANCES J. HARVEY,
SECRETARY OF THE ARMY;
NORMA KORNWEBEL; JOHN DOES 1-10

_____

On Appeal from the United States District Court
For the District of New Jersey
(D.C. Civil Action No. 3-08-cv-02944)
District Judge:  Honorable Freda L. Wolfson
_____

Argued June 22, 2011
_____

Before:  BARRY, AMBRO, and COWEN, <u>Circuit Judges</u>

(Opinion filed:  July 22, 2011)

Ty Hyderally, Esquire (Argued)
Hyderally & Associates
33 Plymouth Street, Suite 202
Montclair, NJ  07042

        Counsel for Appellant

Mark C. Orlowski (Argued)
Office of United States Attorney
Room 430
402 East State Street
Trenton, NJ 08608

      Counsel for Appellees

_____

OPINION
_____

AMBRO, <u>Circuit Judge</u>

Plaintiff-appellant Raymond C. Reynolds sued Defendants Department of the Army and Dr. Frances J. Harvey, Secretary of the Army, asserting claims of age discrimination and retaliation arising under the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.* ("ADEA").[1] The District Court granted summary judgment in favor of Defendants, and Reynolds appealed. We now affirm.

## I.     Background

As we write solely for the parties, we recite only those facts necessary for our decision. In January 2004, Reynolds, a longtime employee of the Federal Government, began an engineering position with the U.S. Army in the On-The-Move Testbed section ("Testbed") of the Communications-Electronics Research, Development, and Engineering Center, located in Fort Monmouth, New Jersey. His supervisor was Norma Kornwebel. She asserts that Reynolds did not take his job at the Testbed seriously, that

---

[1] The other defendants named in the complaint – Norma Kornwebel and John Does – were later dismissed from this case by stipulation, as were several additional state and federal law claims.

2

he improperly delegated responsibilities to others, and that he failed to comply with directives. For his part, Reynolds generally denies Kornwebel's allegations of poor job performance, and claims that she treated him dismissively from the start and failed to present him with a job description or position objectives.

In August 2004, Kornwebel evaluated Reynolds' performance, concluding that he had failed to meet two out of his seven job objectives. For unclear reasons, she then waited for nearly two months before meeting with Reynolds about his evaluation and presenting him with a Performance Improvement Plan ("PIP"). Under the PIP, he was given 90 days either to bring his performance to an acceptable level or face the possibility of reassignment, demotion, or termination. On November 4, 2004, the day after he received the PIP, Reynolds applied for two early retirement incentive programs, the Voluntary Early Retirement Authority ("VERA") and Voluntary Separation Incentive Pay ("VSIP").

In December 2004, Reynolds, then aged 51, submitted a complaint to the Equal Employment Opportunity Commission, raising allegations of age discrimination. Subsequently, Reynolds was offered a 90-day extension on his PIP, but was denied an extension of time for accepting VERA/VSIP benefits (for which he had by then been approved). Reynolds declined the PIP extension, but states that he would have accepted the extension and remained working at the Testbed had he also received an extended window for electing VERA/VSIP.

3

On January 3, 2005, Reynolds exercised his early retirement option through VERA/VSIP. In return, he received an incentive payment of $25,000 and a reduced annuity.

## II.     Analysis

The District Court had jurisdiction under 28 U.S.C. § 1331. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review the District Court's grant of summary judgment *de novo*, *Ray v. Twp. of Warren*, 626 F.3d 170, 173 (3d Cir. 2010), but review its evidentiary rulings for an abuse of discretion, *Acumed LLC v. Advanced Surgical Servs., Inc.*, 561 F.3d 199, 211 (3d Cir. 2009). We first address an evidentiary issue presented by this case, and then examine Reynolds' age discrimination and retaliation claims in turn.

## A.     Evidentiary Issue

To support his claim of age discrimination, Reynolds relied heavily on his own affidavit and that of Linda Castellano, Kornwebel's former secretary. Relying on Federal Rule of Civil Procedure 56(e)[2] and District of New Jersey Local Rule 7.2(a), both of which require affidavits offered at summary judgment to be based on affiants' personal knowledge, the District Court concluded that significant portions of the Reynolds and Castellano affidavits were flawed. In particular, the Court determined that both affidavits contained numerous statements that were improper because they amounted to (i) legal argument, (ii) subjective views without any factual foundation, or (iii) unsupported

---

[2] Effective December 1, 2010, Fed. R. Civ. P. 56 was amended. The requirements for affidavits are now listed in subsection (c)(4) of the rule, as opposed to subsection (e), but they are substantially the same as they were before.

assertions made in the absence of personal knowledge. Accordingly, the Court

considered only "those statements . . . [that did] not suffer from the evidentiary

deficiencies [it had] categorically described" in granting summary judgment. *Reynolds v.*

*Dep't of Army*, 2010 WL 2674045, at *10 (D.N.J. 2010).

The District Court was unforgiving in its application of the relevant evidentiary

rules, but it cannot be denied that the Reynolds and Castellano affidavits were rife with

conclusory statements for which no basis in fact or personal knowledge was ever

provided.[3] For this reason, we cannot conclude that the District Court's evidentiary

determinations were "arbitrary, fanciful, or clearly unreasonable," and we therefore

uphold those determinations insofar as they are material to this opinion.[4] *See Acumed*,

561 F.3d at 211 (quotation marks omitted).

**B.      Age Discrimination Claim**

---

[3] To list but two examples (among many) of statements made without support, Castellano claimed that "in reality, placing an employee on a PIP is a step toward getting rid of them," Castellano Aff. ¶ 107, and Reynolds asserted that "the PIP was a mere formality to terminate me . . . and I was thus forced to retire to avoid being terminated," Reynolds Aff. ¶¶ 44-45, Oct. 19, 2009.

[4] At oral argument, we noted that a full deposition of Castellano would have made a valuable addition to the evidentiary record in this case and may have improved Reynolds' chances of surviving summary judgment. At that time, counsel for Reynolds—Ty Hyderally—stated that no such deposition had ever taken place. Opposing counsel, however, informed us that Castellano had, in fact, been deposed in 2009, and that Mr. Hyderally was present at that deposition. The latter stated during rebuttal that he did not recall being present, but has since conceded that he was. Whether Mr. Hyderally's error resulted from a lack of candor or mere unpreparedness, it was a mistake unbecoming an attorney appearing before a federal court.

Where, as here, an age discrimination plaintiff relies on indirect evidence,[5] we test the sufficiency of a claim at summary judgment using a slightly modified version of the burden-shifting framework articulated in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). *Smith v. City of Allentown*, 589 F.3d 684, 689 (3d Cir. 2009). Under that framework, the plaintiff must first establish a *prima facie* case of discrimination by demonstrating four elements: "first, that the plaintiff is forty years of age or older; second, that the defendant took an adverse employment action against the plaintiff; third, that the plaintiff was qualified for the position in question; and fourth, that the plaintiff was ultimately replaced by another employee who was sufficiently younger to support an inference of discriminatory animus." *Id.* We agree with the District Court's conclusion that Reynolds has not raised a dispute of material fact as to whether he was the subject of an adverse employment action, and has thus failed to set forth a *prima facie* case of discrimination.

The Supreme Court has defined an adverse employment action as a "significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits." *Burlington Indus. v. Ellerth*, 524 U.S. 742, 761 (1998); *see also Weston v. Pennsylvania*, 251 F.3d 420, 430-31 (3d Cir. 2001). The action that had the most potential to satisfy this standard was Reynolds' placement on a PIP. As the District Court noted, however, other Circuit Courts have concluded that a PIP is not an adverse

---

[5] As the District Court properly concluded, the record in this case contains no direct evidence of discrimination.

employment action absent accompanying changes to pay, benefits, or employment status. *See, e.g., Cole v. Illinois*, 562 F.3d 812, 816-17 (7th Cir. 2009); *Haynes v. Level 3 Commc'ns, LLC*, 456 F.3d 1215, 1224 (10th Cir. 2006) (citing cases); *Givens v. Cingular Wireless*, 396 F.3d 998, 998 (8th Cir. 2005).

We see no reason to deviate from our sister Courts of Appeal. A PIP differs significantly from the types of employment actions that qualify as adverse. As illustrated by this case, PIPs are typically comprised of directives relating to an employee's pre-existing responsibilities. In other words, far from working a change in employment status, a PIP is a method of conveying to an employee the ways in which that employee can better perform the duties that he or she already has. We note that a likely consequence of allowing suits to proceed on the basis of a PIP would be more naked claims of discrimination and greater frustration for employers seeking to improve employees' performance. Thus, because Reynolds failed to demonstrate that his PIP was accompanied by an adverse change in the conditions of his employment, [6] we hold that Reynolds' placement on the PIP did not qualify as an adverse employment action.

Reynolds also argues that he was subjected to a hostile work environment and then constructively discharged, and that either of these acts can constitute an adverse employment action. However, a hostile work environment claim requires discrimination that is "severe and pervasive," *Weston*, 251 F.3d at 426, and a constructive discharge

---

[6] Reynolds asserted at various points in the record that he was told his PIP would be accompanied by a pay decrease. As the District Court observed, however, "conspicuously absent in the record is any affirmative statement from Reynolds . . . that he ever actually suffered the downgrade or pay decrease." *Reynolds*, 2010 WL 2674045, at *12.

7

claim requires working conditions that are "so unpleasant or difficult that a reasonable person would have felt compelled to resign," *Duffy v. Paper Magic Group, Inc.*, 265 F.3d 163, 167 (3d Cir. 2001) (quotation marks omitted). Nothing Reynolds has pointed to in the record rises to the level of severity necessary to satisfy these standards.

For the above-stated reasons, Reynolds has failed to satisfy his burden of demonstrating an adverse employment action, and consequently we need not examine the other prongs of a *prima facie* case. Accordingly, we conclude that the District Court did not err in granting summary judgment on Reynolds' age discrimination claims.

## B. Retaliation Claim

To establish a *prima facie* case of retaliation, an ADEA plaintiff "must show: (1) that he engaged in protected conduct; (2) that he was subject to an adverse employment action subsequent to such activity; and (3) that a causal link exists between the protected activity and the adverse action." *Barber v. CSX Distrib. Servs.*, 68 F.3d 694, 701 (3d Cir. 1995). As the District Court points out, Reynolds has failed to identify any evidence from which a reasonable jury could infer a causal connection between the submission of his age discrimination complaint in December 2004 and any subsequent adverse treatment to which he may have been subjected. Thus, his claim fails.

\* \* \* \* \*

For the foregoing reasons, we affirm the decision of the District Court.

8